## McCLOSKEY v. DU BOIS.

*Circuit Court, S. D. New York.* 1881.

1. LETTERS PATENT—NEW EVIDENCE—MOTION TO REOPEN.

A case will not be reopened for the introduction of new evidence, unless the new evidence would vary the case, and probably lead to a different result.

*James A. Whitney,* for complainant.

*Peter Van Antwerp* and *Rodney Mason,* for defendant.

WHEELER, D. J.   This cause has been heard since a decretal order for dismissing the bill of complaint, and before decree signed, upon a motion of the plaintiff to reopen the case for the introduction of new evidence as to the novelty and utility of the patented trap.   It is plain that the motion should not be granted unless the new evidence would vary the case and probably lead to a different result.

The patent is simply for a die-drawn seamless soft-metal plumber's trap, made by forcing the metal through dies at varying velocities on opposite sides.   It describes nothing to distinguish these traps from others except the mode of manufacture and longitudinal striations appearing upon them, which are merely the result of the manufacture, and have nothing to do with the quality or operation of the traps. The patent assumed that soft-metal traps were before known and in use, and, besides, that fact was a matter of common knowledge, of which the court took judicial notice.   There was no evidence as to the quality and characteristics of the die-drawn traps as compared with the cast traps before most in use.   The new evidence would tend to show that their walls have greater solidity and more perfect uniformity, and that they are more elastic, and that the quality of the metal is changed and improved by the process of drawing, and that they have largely superseded all others in use.   All these differences are due to the process of manufacture, in forcing the metal through dies, all of which effects were before well known.   They are the same as the differences between cast and drawn lead pipe, as was shown in *Leroy* v. *Tatham,* 14 How. 156.   There the testimony was that the drawn lead pipe "was superior in quality and strength, capable of resisting much greater pressure, and more free from defects, than any pipe before made; that in all the modes of making lead pipe previously known and in use it could be made only in short pieces, but that by this improved mode it could be made of any required length, and also of any required size, and that the introduction of lead pipe made in the mode described had superseded the use

of that made by any of the modes before in use, and that it was also furnished at a less price."

Still the court said, through Mr. Justice McLean:

A patent for leaden pipes would not be good, as it would be for an effect, and would consequently prohibit all other persons from using the same article, however manufactured. Leaden pipes are the same, the metal being in no respect different. Any difference in form and strength must arise from the mode of manufacturing the pipes. The new property in the metal claimed to have been discovered by the patentees belongs to the process of manufacture, and not the thing made.

And in *Collar Co.* v. *Van Dusen*, 23 Wall. 530, Mr. Justice Clifford said:

Articles of manufacture may be new in the commercial sense when they are not in the sense of the patent law. New articles of commerce are not patentable as new manufactures unless it appears in the given case that the production of the new article involved the exercise of invention or discovery beyond what was necessary to construct the apparatus for its manufacture or production.

The plaintiff did not discover that soft metal could be wrought through dies, nor that the quality of wrought soft metal is generally superior to that which is merely cast, and does not pretend that he did; and his patent is not for any such discovery, nor for the application of it. He constructed a machine by which crooked pipe could be made of soft metal the same as straight pipe had before been made, and the crooked pipe could be cut off so as to constitute traps. His patent is for the traps made in that way—for the effect merely of that machine. He has not the discovery of any principle, even such as the minority of the court in *Le Roy* v. *Tatham* thought Tatham had to support his patent, in the working of soft metal.

This newly-offered evidence of the differences in quality between the drawn traps and cast traps shows merely the differences between drawn pipe and cast pipe or wrought lead and cast lead, and could not affect the decision of the case at all in the view taken of it by the court. If this construction of the patent and view of the case are wrong they can be corrected by appeal.

The motion must be denied.