STATE OF INDIANA v. TOLLESTON CLUB OF CHICAGO et al.

(Circuit Court, D. Indiana. November 22, 1892 )

No. 8,717.

1. REMOVAL OF CAUSES—DIVERSE CITIZENSHIP—ACTION BY STATE.
    A suit by a state in one of its own courts against a citizen of another state is not removable to a federal circuit court on the ground of diverse citizenship of the parties.

2. SAME—REMAND BY COURT OF ITS OWN MOTION.
    It is the duty of a federal court to remand, of its own motion, whenever on the face of the record a clear want of jurisdiction, either of the parties or subject-matter, is affirmatively shown.

3. FEDERAL COURTS—JURISDICTION BY CONSENT.
    Neither silence nor positive consent of the parties can confer jurisdiction upon a federal court when such jurisdiction is denied by statute.

At Law. Action by the state of Indiana against the Tolleston Club of Chicago and others, commenced in a state court, and removed to this court by defendant. Remanded for want of jurisdiction.

A. G. Smith, for plaintiff.

J. W. Youche, for defendants.

BAKER, District Judge. This action was brought in the circuit court of Lake county, Ind., by the state of Indiana against the Tolleston Club of Chicago, Ill., and 19 others, to quiet the title to, and recover the possession of, numerous parcels of land in said county of Lake, alleged to belong to the state, and which the defendants were alleged to claim as owners without right, thereby casting a cloud on the title of plaintiff. At the proper time, at the September term of the court for the year 1891, the Tolleston Club of Chicago presented its verified petition and bond for the removal of the cause of action against it into the United States circuit court for the district of Indiana. The petition set forth as ground of removal the diverse citizenship of the plaintiff and said defendant, and alleged that the controversy between the state and itself was a separate and separable controversy, in which the plaintiff and the petitioner were alone interested.

No motion has been made to remand, and the question for decision is whether the court of its own motion ought to remand the cause to the state court. Wherever on the face of the record a clear want of jurisdiction, either of the parties or of the subject-matter, is affirmatively shown, it is the duty of the court to remand of its own motion. Consent of the parties cannot confer jurisdiction, except in cases where the law has au-

thorized the court to exercise jurisdiction. In the case at bar this court has no jurisdiction, except upon the ground of diverse citizenship. Whether such diverse citizenship exists hinges on the question, is the state of Indiana a citizen of the state of Indiana, within the meaning of the removal act, for the purpose of giving this court jurisdiction? This question must be answered in the negative. A suit instituted by a state in one of its own courts against a citizen of another state is not removable into a circuit court of the United States on the ground of a diversity of the citizenship of the parties. Stone v. South Carolina, 117 U. S. 430, 6 Sup. Ct. Rep. 799; Ferguson v. Ross, 38 Fed. Rep. 161; State of Alabama v. Wolffe, 18 Fed. Rep. 836. There is no federal question presented by the record in this case, and in that respect it differs from the case of Railroad Co. v. Mississippi, 102 U. S. 135.

The want of jurisdiction is affirmatively shown on the face of the record. In such case neither silence nor positive consent will confer jurisdiction, because the parties cannot confer on the court a jurisdiction denied to it by the statute. If this court should try the case, it would be the duty of the appellate court to which it might be taken to reverse and remand, with instructions to this court to return it to the state court. Graves v. Corbin, 132 U. S. 571, 10 Sup. Ct. Rep. 196. This court will not permit a cause of action of which it has no jurisdiction to be tried before it, even if the parties should stipulate in writing to abide its judgment.

Let the cause be remanded, at the costs of the defendant.