### STOFFREGEN v. MOORE, Collector of Internal Revenue.

(Circuit Court of Appeals, Eighth Circuit. April 6, 1921.)

No. 5710.

1. **Appeal and error** ⊕⟶854(2)—**Opinion of court below cannot be assigned as error.**

   Assignments of error cannot be based on the opinion of the court below, since the opinion may be wrong and still the judgment be right.

2. **Appeal and error** ⊕⟶733—**Assignments of error to judgment held too indefinite.**

   An assignment that the court erred in rendering judgment for defendant for the reason that under the law and the facts judgment ought to have been entered for plaintiff, is too indefinite to present anything for consideration.

3. **Appeal and error** ⊕⟶237(6)—**On writ of error after trial to court, only rulings on law can be reviewed.**

   Under Rev. St. § 1011 (Comp. St. § 1672), forbidding reversal of a judgment for errors of fact, assignments of error to the assumption of facts by the trial court are not reviewable, in absence of ruling by court; the proper practice for preserving questions for review, under Rev. St. §§ 649, 700 (Comp. St. §§ 1587, 1668), being to make some request to the trial court to find the facts or declare the law.

In Error to the District Court of the United States for the Eastern District of Missouri.

Action by Charles Stoffregen against George H. Moore, as Collector of Internal Revenue. Judgment for defendant (264 Fed. 232), and plaintiff brings error. Affirmed.

Theodore Rassieur, of St. Louis, Mo. (Morton Jourdan and Thomas M. Pierce, both of St. Louis, Mo., on the brief), for plaintiff in error.

John M. Sternhagen, of New York City (James E. Carroll, U. S. Atty., of St. Louis, Mo., and Carl A. Mapes and A. L. Boulware, both of Washington, D. C., on the brief), for defendant in error.

Before CARLAND, Circuit Judge, and LEWIS and COTTERAL, District Judges.

CARLAND, Circuit Judge. The parties to this litigation will be referred to as they were in the trial court. The plaintiff commenced this action at law against the defendant to recover certain income taxes paid under protest. After issue joined a jury was duly waived and the action tried to the court. The court, after hearing the evidence, found the issues generally for the defendant, and entered judgment accordingly. The plaintiff brought the case here on writ of error.

Counsel for plaintiff assigns three errors. The first two assignments of error are to the effect that the court erred in making certain assumptions of fact. The third assignment of error is to the effect that the court erred in rendering judgment for the defendant, for the reason that under the law and the facts judgment ought to have been entered for the plaintiff.

[1] The assumptions of fact complained of in assignments of error 1 and 2 are found, if anywhere, in a memorandum opinion of the trial court incorporated for some reason in what is called a bill of exceptions. These two assignments of error present nothing for review: First, because they are based upon the opinion of the court, which cannot be the basis of an assignment of error. The opinion may be wrong, and still the judgment be right. Second, we are by statute forbidden from reversing a judgment for error of fact on writ of error. Rev. St. § 1011; Comp. Stat. § 1672.

[2] None of the assignments present anything for this court to review, for the reason that they are not based upon any ruling of the trial court, and in addition assignment No. 3 is too indefinite to present anything for consideration here. U. S. v. A., T. & S. F. Ry. Co., 270 Fed. 1, decided January 12, 1921; Mercantile Trust Co. v. Wood et al., 60 Fed. 346, 8 C. C. A. 658; United States Fidelity & Guaranty Co. v. Board of Com'rs of Woodson County, Kan., 145 Fed. 144, 76 C. C. A. 114; Webb et al. v. Nat. Bank of Republic of Chicago, 146 Fed. 717, 718, 719, 77 C. C. A. 143; Morris et al. v. Canda, 80 Fed. 739, 26 C. C. A. 128. As to using the memorandum opinion of the court as a basis for assignments of error see Roger v. Goldfield, Colo., 249 Fed. 39, 161 C. C. A. 99; U. S. v. Porter Fuel Co., 247 Fed. 769, 159 C. C. A. 627.

[3] As to the proper practice to preserve questions for review in cases tried to the court without a jury see sections 649 and 700, Rev. Stat. (Comp. St. §§ 1587, 1668); also Mason v. U. S., 219 Fed. 547, 135 C. C. A. 315, and cases cited. The fundamental rule that on writ of error only questions of law may be reviewed will serve as a guide to counsel in the trial of actions at law without a jury. The court at its discretion may make findings of fact either general or special. If they are special, the question of law as to whether the special findings support the judgment may be reviewed; also objections to the omission or exclusion of evidence during the trial. If it is sought to test the sufficiency of the evidence to support the judgment, some request to the trial court to find the facts or declare the law must be made, and, if the requests are denied, then the denial presents a question of law; but no such procedure was had in this case. There is a bill of exceptions which purports to contain the evidence taken at the trial; but such bill

of exceptions is not an agreed statement of the case, and it contains no ruling of the trial court upon which the assignments of error can be based.

In this state of the case, we have nothing to do but to affirm the judgment below; and it is so ordered.