### CHICAGO, ST. P., M. & O. RY. CO. v. HENSLEY.

Circuit Court of Appeals, Eighth Circuit.
April 2, 1928.

No. 7829.

1. Removal of causes ⊜⟱107(9)—Decision of federal court that cause was not properly removed to confer jurisdiction is not reviewable (28 USCA § 71)

The decision of the federal court that a cause was not properly removed to give it jurisdiction is not reviewable, under 28 USCA § 71.

2. Appeal and error ⊜⟱874(2)—Decision remanding cause removed cannot be reviewed on appeal from decree in ancillary suit for injunction.

The decision of a District Court, remanding a cause removed from a state court, cannot be reviewed on appeal from the decree dismissing an ancillary suit by the removing defendant for an injunction.

Appeal from the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

Suit in equity by the Chicago, St. Paul, Minneapolis & Omaha Railway Company against Stacy Hensley. Decree for defendant, and complainant appeals. Affirmed.

Wymer Dressler, of Omaha, Neb. (Robert D. Neely, of Omaha, Neb., on the brief), for appellant.

M. F. Harrington, of O'Neill, Neb., for appellee.

Before WALTER H. SANBORN and BOOTH, Circuit Judges, and MUNGER, District Judge.

WALTER H. SANBORN, Circuit Judge. The appellee, Stacy Hensley, brought an action against the appellant, the railway company, for personal injuries inflicted upon him by it while he was engaged for hire in its business of a common carrier in interstate commerce. At the close of his evidence in chief at the trial of the case, he had failed to introduce any proof that at the time of his injury he or the railway company were engaged in interstate commerce. Thereupon the railway company gave notice of its intention to remove the case for trial to the federal court below, filed with the state court a proper petition and bond to entitle it to such a removal, and moved that court to make an order so removing it; but that court denied its motion and proceeded with the trial, which resulted in a verdict of $14,000 against the railway company. Later a petition in due form to remove the case to the federal court below was made and granted by that court, a temporary injunction and a motion for a permanent injunction were made to restrain the plaintiff and his attorneys from proceeding to collect his judgment, and a motion was made by Hensley in the court below to remand the case to the state court. The latter motion was granted by the federal court below, and the case was remanded to the state court.

The railway company filed an ancillary petition in equity in the federal court, setting forth the proceedings which have been stated, that the judgment for $14,000 was void, because the state court had been ousted of its jurisdiction by the proceedings for removal, and prayed the federal court to enjoin the state court and Hensley from collecting. Hensley filed an answer to this petition and insisted upon the validity of his judgment. Thereupon the parties produced their evidence and arguments at a final hearing before the court below, and it rendered a decree that its temporary injunction against Hensley be vacated, that the petition of the railway company for a permanent injunction against Hensley be denied, and that the ancillary petition in equity of the railway company for an injunction against the collection of the Hensley judgment be dismissed for want of equity. The railway company has appealed "from the order and decree denying a permanent injunction, and dissolving the temporary injunction in this cause, and dismissing the ancillary petition for injunction for want of equity."

[1, 2] When the court below rendered its decree, the real and controlling issue was whether the case before the court had been properly removed to that court, so that it had jurisdiction to proceed and determine its merits. Plenary power had been granted to the federal court below, and the duty had been imposed upon it to decide that issue. It had carefully considered it upon evidence and argument, and it adjudged that the case had not been properly removed; that it had no jurisdiction to try or determine the merits of the case. Its decree put into effect that decision. From that decree the railway company has appealed, but this appeal is futile (1) because the decree is not reviewable by this court, since title 28, section 71, U. S. Code (28 USCA § 71), provides that, "whenever any cause shall be removed from any state court into any district court of the United States, and the district court shall decide that the cause was improperly removed, and order the same to be remanded to the state court from whence it came, such remand shall be immediately carried into execution, and no appeal or writ of error from the decision of the district court so remanding such cause shall be allowed"; and (2) because the decision and decree of the court below to remand the case is not reviewable by this court by means of the ancillary suit in equity in this case. McCabe v. Guaranty Trust Co. (C. C. A.) 243 F. 845, 847, 849; Mestre, Atty. Gen., v. Russell & Co. (C. C. A.) 279 F. 44, 46; Dillinger v. Chicago, B. & Q. R. Co, (C. C. A.) 19 F. (2d) 196; Aldredge v. B. & O. R. Co. (C. C. A.) 20 F. (2d) 655.

Let the decree below be affirmed.