## WABASH RY. CO. v. LINDLEY.

Circuit Court of Appeals, Eighth Circuit.
November 30, 1928.

No. 8112.

See, also, 29 F.(2d) 832.

Homer Hall, of St. Louis, Mo. (John Lee Webster and R. B. Hasselquist, both of Omaha, Neb., on the brief), for plaintiff in error.

Miles Elliott, of St. Joseph, Mo. (Donald W. McNeil, of Park Rapids, Minn., and Joseph P. Gray, and Emmet S. Brumbaugh, both of Omaha, Neb., on the brief), for defendant in error.

Before BOOTH, Circuit Judge, and POLLOCK and DEWEY, District Judges.

BOOTH, Circuit Judge. By this writ of error review is sought of three orders entered by the court below in this cause: (1) An order made, on motion of defendant in error (plaintiff below), transferring the application of plaintiff in error (defendant below) for a restraining order from the law side to the equity side of the court; (2) an order made, on motion of plaintiff, dismissing the application of defendant for a temporary restraining order and dissolving the restraining order theretofore granted; (3) an order made, on the court's own motion, remanding the case to the state district court, whence it has been removed.

A motion to dismiss the writ of error on various grounds has been interposed, but in the view we take of the case it will not be necessary to discuss them nor to pass upon the motion. The short facts leading up to the orders, which were all made on the same day, are as follows:

Plaintiff brought an action for damages on account of personal injuries against defendant in the district court of Douglas county, Nebraska. The complaint alleged that, while plaintiff was in the employ of defendant and while both were engaged in interstate commerce, plaintiff sustained injuries caused by the negligence of defendant. In due time defendant filed its petition and bond for removal. The petition was heard and denied by the state district court. Thereupon defendant filed in the United States District Court for the District of Nebraska, Omaha Division, a certified transcript of the papers filed and proceedings had in the state court. Defendant also filed its answer in the United States District Court. The answer contained allegations that the attorneys for plaintiff intended to ignore the removal of the case to the United States court and to continue the prosecution of the case in the state court. The answer prayed that plaintiff and his attorneys be restrained from proceeding further in the state court. The United States District Court granted ex parte a temporary restraining order as prayed, the same to continue during the pendency of the case in the United States court or until the further order of the court. Shortly after the service of the restraining order, plaintiff through his attorneys filed (1) a motion to transfer from the law side to the equity side of the court the application for a restraining order, the restraining order itself, and the motion to set it aside and to dismiss the application; (2) a motion to set aside the restraining order already issued, on the grounds, amongst others, that the order was procured and issued in violation of the provisions of section 381, title 28, U. S. C. (28 USCA § 381), and of equity rule 73, and to dismiss the application for the restraining order on the ground that the facts stated in the application were not sufficient to entitle the applicant to such relief. As above stated, the court made orders granting both motions. The third order, made the same day on the court's own motion, remanding the case to the state court, reads as follows:

"Now it appearing to the court that for the purpose of removing the above entitled cause to this court from the district court of Douglas county, Nebraska, the defendant has filed in this court a transcript of its petition and bond for removal, together with a transcript of the pleadings and the record of said district court of Douglas county, Nebraska, in this cause and the court having examined said petition and bond for removal and said transcript of the pleadings and record filed therewith, and both parties being at this time present and represented in court by their counsel, doth, on its own motion, find that the cause is not removable to this court from the state court, and that this court is without jurisdiction of the cause,

and doth order and adjudge that the cause be, and the same is remanded to the district court of Douglas county, Nebraska."

There are assignments of error covering separately each of the three orders. We take up first those relating to the order remanding the case to the state court. Three of these go to the merits of the remanding order. It is so well settled that the merits of an order remanding a case to the state court whence it came cannot be reviewed by writ of error or by appeal from the order, that citation of authorities is unnecessary. The statute (section 28, Judicial Code [28 USCA § 71]) is plain. These three assignments of error may, therefore, be put aside without further consideration. The remaining assignment of error challenges the order of remand, because it was made on the court's own motion, and not on motion of the plaintiff in the case. The court had before it the pleadings in the case and a transcript of the record in the state court, including the proceedings on removal. Under such circumstances the court might properly act of its own motion. Defiance Water Co. v. Defiance, 191 U. S. 184, 24 S. Ct. 63, 48 L. Ed. 140; Minnesota v. Northern Securities Co., 194 U. S. 48, 62, 24 S. Ct. 598, 48 L. Ed. 870; State of Indiana v. Tolleston Club of Chicago (C. C.) 53 F. 18; Barth v. Coler, 60 F. 466 (C. C. A. 8). That the court acted on the record before it, instead of on a record that defendant might thereafter have presented, cannot be made the subject of challenge. The court acted strictly in accordance with the command contained in section 37, Judicial Code (28 USCA § 80), which reads:

"If in any suit commenced in a District Court, or removed from a state court to a District Court of the United States, it shall appear to the satisfaction of the said District Court, at any time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said District Court, * * * the said District Court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed, as justice may require."

The procedure of the court was regular and proper.

The foregoing holding is in no wise in conflict with the cases of Aldredge v. B. & O. R. Co., 20 F.(2d) 655, and Farmers' Bank & Trust Co. v. A., T. & S. F. Ry. Co., 25 F.(2d) 23, both decided by this court, and both of which were removal cases. It is true that in both of those cases the trial court heard evidence on issues raised by the removal papers, but in neither of them was it held or intimated that a trial court would not have jurisdiction to remand a case on its own motion and without taking evidence. The order of remand in the case at bar is no more subject to review, because made upon the face of the record without further evidence, than it would have been if voluminous testimony had been taken. The record itself may be the best of evidence.

The assignment of error which challenges the action of the court in transferring from the law side of the court to the equity side the motion to dissolve the temporary restraining order, and to dismiss the application therefor, does not appear in the specification of errors. We therefore consider it abandoned.

The assignments of error relating to the order dissolving the temporary restraining order, and dismissing the application, require but a word. The restraining order which was issued was simply incidental to and in aid of the case, which had been removed from the state court and was then pending in the federal court. When that case was remanded to the state court, there was then no necessity or reason for the further existence of a restraining order in the federal court. It was therefore properly dissolved, and the application properly dismissed.

It may be further noted that, though the suing out of a writ of error to review the last-mentioned order, instead of taking an appeal, might not be of moment in view of the provisions of the Act of September 6, 1916 (39 Stat. 727; section 861, title 28, U. S. C. [28 USCA § 861]), yet defendant could not enlarge the time for taking an appeal by suing out a writ of error instead. The time for taking an appeal had expired when the writ of error was sued out.

In conclusion, we may add that the present writ of error, by its inclusion of both the order of remand and the order dissolving the temporary restraining order, seems to be but an ingenious effort to secure in an indirect way a review on the merits of the order of remand, in contravention of the provisions of section 28 of the Judicial Code. The effort must fail. See Yankaus v. Feltenstein, 244 U. S. 127, 133, 37 S. Ct. 567, 61 L. Ed. 1036; Dillinger v. C., B. & Q. R. Co., 19 F.(2d) 196 (C. C. A. 8), and cases cited; C., St. P., M. & O. R. Co. v. Hensley, 25 F.(2d) 861 (C. C. A. 8).

The writ of error is dismissed.