## HUHMAN v. UNITED STATES.
### No. 8791.

Circuit Court of Appeals, Eighth Circuit.

July 18, 1930.

H. P. Lauf, of Jefferson City, Mo., for appellant.

William L. Vandeventer and Chet A. Keyes, both of Kansas City, Mo., for appellee.

Before KENYON, BOOTH, and GARDNER, Circuit Judges.

GARDNER, Circuit Judge.

Appellant was convicted on three counts of an indictment charging the violation of the internal revenue statutes of the United States. Count 1 charged the unlawful possession of a still without having the same registered; count 2 charged defendant with engaging in the business of a distiller with intent to defraud the United States of the tax on the spirits distilled, while count 3 charged the defendant with carrying on the business of a distiller without having given a bond as required by law. He was sentenced to imprisonment for a period of two years on each count, sentences to run concurrently, and to pay a fine of $600 on the first count and a fine of $100 on each of the other counts. Following the return of the indictment, defendant interposed a motion to quash a

search warrant that had been issued by the United States Commissioner prior to the return of the indictment, and to suppress the evidence secured by reason of a search made thereunder. The motion was denied, and the denial of this motion is urged as error. The search warrant describes the property to be searched as follows:

"A two-story frame house, with all outhouses, on a farm located five miles south of Wardsville, on the west side of the county road, Cole County, Missouri, being the premises of Frank Huhman, said premises being within the Central Division of the Western Judicial District of the State of Missouri."

On the trial of the motion oral testimony was submitted, showing that the two-story dwelling house described in the indictment was not searched, but that a stillhouse located nearly half a mile from the house was searched. In this stillhouse a five-hundred gallon capacity still and certain equipment were found, consisting of sixty empty mash barrels and other equipment used in the distillation of whiskey. Defendant testified with reference to this building as follows:

"Q. How far was this building where this still was found, located from the house in which you live? A. Nearly half a mile."

It is the claim of the defendant that this building constituted his home, but we think this contention is not sustained by the proof. It is doubtful whether this stillhouse, located one-half mile from the house, and in no way apparently connected therewith, was covered by any description of property contained in the search warrant, but, in the view we take of this case, this does not seem to be at all material, and we put to one side all questions pertaining to the validity of the search warrant. It appears from the record that the defendant voluntarily pointed out to the searching officers where the property seized was located; in fact, he seems voluntarily to have submitted to the search. The officer making the search testified with reference thereto as follows:

"I asked him (Huhman) about the stillhouse, and he said he didn't know anything about it, and then I told him that I had been there before and knew where it was—and I had been close to it and knew where it was, and he said, 'All right, if you know where it is,' and he led us up to the still-house. He led the way."

■■ Another witness who participated in the search testified substantially to the same effect. The right to protection against unreasonable searches and seizures is a personal one which can be waived. When the defendant in this case ascertained that the officers knew about the still, he voluntarily led them to where it was, some half mile away, and by so doing he waived his right to assert or claim that the searches and seizures made were unreasonable. Cantrell v. United States (C. C. A.) 15 F.(2d) 953, 954; Giacolone v. United States (C. C. A.) 13 F.(2d) 110, 111; Schutte v. United States (C. C. A.) 21 F.(2d) 830. In Cantrell v. United States, supra, the court says:

"We do not find it necessary to base our decision upon the validity of the search warrant, and therefore the evidence upon which it was issued need not be stated or considered. The search of the house proper did not result in the discovery of any evidence that was harmful to the defendants or either of them. The search that was made of other parts of the premises, and which resulted in the discovery of incriminating evidence, was made with the consent of Kerr, who may have been induced not to object by the belief that the distillery was so well concealed that a search would avail nothing and would not be repeated."

And in Giacolone v. United States, supra, it is said:

"Without going into details, it appears from the testimony that, when the federal agents approached the building which was used by the plaintiff in error as a distillery, he met them at the door and invited them in. Under these facts, we think the court below was justified in finding that the plaintiff in error consented to the search, whether the officers were technically trespassers or not, and, having consented, is in no position to now claim that his constitutional rights were invaded."

The defendant did not introduce any evidence, but asked for a directed verdict. The motion was denied and overruled, and on this appeal no question is raised as to the sufficiency of the evidence to sustain the convictions, the whole contention of the defendant being based upon the alleged error of the court in denying his motion to quash the search warrant and suppress the evidence seized upon searching the premises.

■ While we have looked into the record, it should be observed that appellant's brief contains no specification of errors as required by Rule 24 of this court. Having failed to embody a specification of errors in the brief, the assignment of errors was thereby abandoned. In Aetna Indemnity **Co. v. J. R.**

Crowe Coal & Mining Co. (C. C. A.) 154 F. 545, 558, it is said:

"But rule 24 of this court provides that the brief of the plaintiff in error 'shall contain,' among other things, 'a specification of the errors relied upon and shall set out separately and particularly each error asserted and intended to be urged.' That rule was intended to sharply direct the attention of the court to the vital questions at issue and to require the argument of counsel to be concentrated upon the important questions in controversy."

In Wabash Ry. Co. v. Lindley, 29 F.(2d) 829, 831, this court, in an opinion by Judge Booth, said:

"The assignment of error which challenges the action of the court in transferring from the law side of the court to the equity side the motion to dissolve the temporary restraining order, and to dismiss the application therefor, does not appear in the specification of errors. We therefore consider it abandoned."

It follows that the judgment of the lower court should be, and is, affirmed.