### CITY OF ST. PAUL v. CERTAIN LANDS IN CITY OF ST. PAUL, MINN., et al.
### No. 8922.

Circuit Court of Appeals, Eighth Circuit.
March 16, 1931.

L. L. Anderson, of St. Paul, Minn. (Eugene M. O'Neill, of St. Paul, Minn., on the brief), for appellant.

William F. Hunt and Thomas C. Fitzpatrick, both of St. Paul, Minn. (William H. Lightner, Calvin Hunt, Oscar E. Holman, and Harry Weiss, all of St. Paul, Minn., on the brief), for appellees Certain Lands in the City of St. Paul and others.

John M. Rees, Sp. Asst. to U. S. Atty., of St. Paul, Minn. (Lewis L. Drill, U. S. Atty., of St. Paul, Minn., on the brief), for the United States.

Before STONE and GARDNER, Circuit Judges, and WOODROUGH, District Judge.

GARDNER, Circuit Judge.

This is an appeal by the city of St. Paul from an order dismissing its appeal to the District Court from the awards of the commissioners made in condemnation proceedings. On June 14, 1929, the United States of America filed a petition in the lower court for the condemnation of certain lands located in the city of St. Paul as a post office site. The proceedings were brought under chapter 41, Mason's Minnesota Statutes for 1927 (sections 6537 to 6578-2), and under sections 1 and 2, chapter 728 of the Conformity Act, 25 U. S. Statutes, 357 (title 40, §§ 257 and 258, USCA). Notice of the proceedings was given to all interested parties, including the city of St. Paul. Pursuant to such notice, the petition came on for hearing before the court on August 5, 1929, at which time it was allowed, and commissioners were named, pursuant to the provisions of the Minnesota Statutes, to appraise and assess the damages sustained on account of the appropriation and taking of the property. On November 22, 1929, the commissioners filed their awards in gross on the several parcels of land involved, and on December 14, 1929, the Commercial Station Post Office, Inc., owner of certain of the property, together with the trustees under a deed of trust on its prop-

erty, securing certain bonds, appealed from the awards. The properties were the subject of special assessments for local improvements which were in process of construction at the time of the institution of the condemnation proceedings. The improvements had not at that time been completed, nor had the assessment therefor been spread. On December 26, 1929, the city of St. Paul filed its petition in intervention, alleging therein:

"That said commissioners, after arriving at the value of the lands above described, and after fixing the value thereof and the amount of awards to be made to the owners thereof, added to such awards the amounts of the assessments which have been spread against the said property by the City of St. Paul and made an award in gross, and said gross award has included therein the amount of said assessments."

In that petition, the appellant asked that the court impress the funds in the hands of the United States of America, awarded to the defendants, with a lien in the sum of $28,-973.31, and for a decree declaring the city to be entitled "to participate in said condemnation fund for the sums expended by it in increasing and enhancing the value of the defendants' property." On December 28, 1929, it perfected an appeal from the award of damages made by the commissioners. Thereupon, the other landowners and defendants filed a motion to dismiss such appeal, and also filed a motion to dismiss its bill of complaint in intervention. Both of these motions, together with a motion to amend the complaint in intervention, were heard together, and the court granted the motion to amend the complaint in intervention, denied the motion of the defendants to dismiss the complaint in intervention, and granted the motion of the defendants to dismiss the city's appeal, and it is from this last-named order that the present appeal was taken.

It is observed that, after the commissioners had been appointed and qualified, the court instructed them as follows:

"Where there is a conflict as to the ownership of any parcel of real estate, such as a claim of title by adverse possession, a tax sales or otherwise, you will not undertake to decide that question, but will merely ascertain and report the value of each parcel, irrespective of any question of title."

Acting under this instruction, the commissioners ascertained and reported the value of each parcel of ground, as is shown by the following paragraph of their award:

"We also report that * * * because

there are or may be tax liens and other encumbrances existing upon said tracts or some of them, therefore rendering it doubtful as to whom the award or awards of the damages should be paid, therefore, we have made the award in gross as to each tract of land involved which is apparently under one ownership and used for a single purpose so that the petitioner may pay each award to the clerk of the above named court, to be paid out under the direction of the court.

"We, therefore, find an award of the damages to each tract or parcel of land herein described as a consequence of the taking by these proceedings in the sum set opposite the number and description of each of said tracts, the said award to be distributed to the owners, according to their respective interests in said premises and the priorities with respect thereto and, in the absence of agreement, under the direction of the court."

The awards amounted in the aggregate to $517,775. The total asserted claim of the city for special assessments amounted to $28,973.31, and the award for each separate piece of property exceeded by many times the claimed assessment against each separate piece of property. In this state of the record, we are of the view that the court was correct in its decision dismissing the appeal of the city of St. Paul. Being of the view that the order was a correct one, this court will not reverse it, because the lower court may have based its decision on insufficient or erroneous grounds. Ramsay v. Crevlin (C. C. A.) 254 F. 813; Stoffregen v. Moore (C. C. A.) 271 F. 680; Clark v. Belt (C. C. A.) 223 F. 573; Bunday v. Huntington (C. C. A.) 224 F. 847.

The city had no interest in prosecuting an appeal from the awards, because, confessedly, it had only a limited or special property or interest in the property, and the awards far exceeded that interest. By section 6546 of the Minnesota Statutes it is provided that:

"If for any reason it be doubtful to whom any award should be paid, the petitioner may pay the same to the clerk, to be paid out under the direction of the court."

The government is not interested in the question of the proper distribution or apportionment of this award. Its duty will have been performed when it pays the amount of the award into court. United States v. Dunnington, 146 U. S. 338, 13 S. Ct. 79, 83, 36 L. Ed. 996; United States v. Eisenbeis (C. C. A.) 112 F. 190; Lewis, Eminent Domain, § 894; Eyre v. City of Faribault, 121 Minn. 233, 141 N. W. 170, L. R. A. 1917A, 685.

The Supreme Court of the United States in United States v. Dunnington, supra, said:

"It is a necessary deduction from our conclusion upon the other branch of the case that the appraised value of the property represents the whole fee, and the interests, both present and prospective, of every person concerned in the property, and such are the authorities. * * *

"The action * * * has thus the distinctive quality of a proceeding in rem, a taking, not of the rights of designated persons in the thing needed, but of the thing itself, with a general monition to all persons having claims in the thing. When, by the appraisement of the commissioners, the price of the thing is fixed, that price stands in place of the thing appropriated, and represents all interests acquired."

It seems clear that the city was not in any manner aggrieved or prejudiced by the award made by the commissioners because it was more than sufficient in amount to meet the city's demands, whatever they might ultimately be, and the only question involved on the appeal was the amount of damages.

Appellees have made a motion in this court to dismiss the appeal from the order of the lower court. On the merits, the appeal involves only a question of practice, and as the motion to dismiss raises substantially the same question, we have concluded to dispose of the case on the merits of appellant's appeal.

The order appealed from is therefore affirmed.