## E. R. SQUIBB & SONS v. MALLINCKRODT CHEMICAL WORKS.

### No. 9699.

Circuit Court of Appeals, Eighth Circuit.

Feb. 16, 1934.

Appeal from the District Court of the United States for the Western District of Missouri; Albert L. Reeves, Judge.

Patent infringement suit by the Mallinckrodt Chemical Works against E. R. Squibb & Sons, a corporation. Decree for plaintiff (6 F. Supp. 173), and defendant appeals.

W. B. Morton, of New York City (C. W. German, of Kansas City, Mo., and E. H. Merchant, of New York City, on the brief), for appellant.

Frank Y. Gladney and Lawrence C. Kingsland, both of St. Louis, Mo. (Jones, Hocker, Sullivan, Gladney & Reeder and Rippey & Kingsland, all of St. Louis, Mo., on the brief), for appellee.

Before STONE, SANBORN, and VAN VALKENBURGH, Circuit Judges.

STONE, Circuit Judge.

This is an action for infringement brought by the assignee of Patent No. 1,370,-865, issued to Frederick Westerbeck. From a decree determining infringement of claims 1 and 2, defendant appeals.

At the beginning, we are faced with the contention by appellee that the specification of errors is insufficient to present any matter here. The assignments of errors set forth thirteen separate assignments. Under the heading of "Assignment of Errors" and evidently having in mind the requirement of Rule 24 (Fourth) of this court, appellant says:

"The formal assignment of errors is printed beginning at page 15 of the record. The first eight errors assigned are those ordinarily presented in a patent case, involving the entry of the decree holding the Letters Patent good and valid in law, the infringement thereof by the defendant, and the granting of an injunction and of an accounting of profits and damages.

"The errors assigned more particularly upon which we shall rely in this case are set forth in the assignment of errors as follows."

This is followed by copying assignments of errors 9 to 13, inclusive. Rule 24 (Fourth) requires "a separate and particular statement of each assignment of error intended to be urged, with the record page thereof." The clear purpose and requirement of this rule is to limit the presentation in this court to such matters in the assignments of errors as the appellant definitely and certainly states in

this portion of his brief and the rule has been repeatedly enforced. In City of Goldfield v. Roger, 249 F. 39, 40, this court said:

"The brief filed by counsel on behalf of the plaintiff in error in No. 4831 fails to set out the assignments of error upon which they rely, as required by rule 24 (150 Fed. xxxiii, 79 C. C. A. xxxiii) of this court. In City of Lincoln v. Sun Vapor Street Light Co., 59 F. 756, 8 C. C. A. 253, this court announced that the provisions of this rule, particularly in respect to assignments and specifications of error in briefs will be strictly enforced by the court. The opinion in that case was filed January 29, 1894, and has been enforced ever since."

Some of the many later cases in this court to the same effect are Huhman v. U. S., 42 F.(2d) 733, 734; Hard & Rand v. Biston Coffee Co., 41 F.(2d) 625, 626; Harrow-Taylor Butter Co. v. Crooks, 41 F.(2d) 627; Wabash Ry. Co. v. Lindley, 29 F.(2d) 829, 831. Under this rule, this appellant is confined to specifications 9 to 13, inclusive.

Appellee contends that assignments of error 9, 11, and 12 present no issues here since they are based solely upon the opinion of the District Judge and that this is particularly true where, as here, the assignments are directed to legal arguments or legal conclusions stated in the opinion. The substance of these assignments is as follows: That the court erred "in holding in its opinion" that a presumption of validity attached to the patent in the face of a showing that the patent office had overlooked and failed to consider an important part of the relevant art and in further holding that such presumption was strengthened by the number of patents cited in the answer (assignment 9); that the court erred "in holding in its opinion" that an old combination of elements which produced a new and useful result was patentable (assignment 11); that the court erred in holding "in its opinion" that a new use of an old combination of elements was patentable invention (assignment 12). Obviously, each of these assignments is an attack upon a rule of law claimed to have been stated in the opinion. It is a long established doctrine in this court that error cannot be based upon the opinion of the trial court [City of St. Paul v. Certain Lands, 48 F.(2d) 805, 807; Lahman v. Burnes Nat. Bank, 20 F.(2d) 897, 899; Stoffregen v. Moore, 271 F. 680, 681; Nowata County Gas Co. v. Henry Oil Co., 269 F. 742, 744; U. S. v. Porter Fuel Co., 247 F. 769, 770; Smart v. Wright, 227 F. 84, 85; Mason

v. U. S., 219 F. 547, 548; Childs v. Williams, 212 F. 151, 152], as said by this court in U. S. v. Porter Fuel Co., 247 F. 769, 770:

"The opinion of the court was not the subject of exception or assignment of error. The reasons given in the opinion for the judgment of the court might be wrong, and still its judgment right. It is what the court did, and not what it said, which is subject to exception and review. We, therefore, in the present case, are concerned only with the question as to whether the trial court erred in dismissing plaintiffs' bill of complaint, and not with its reasons for so doing, except as those reasons may throw light upon the question to be decided."

It is clear that these three assignments present nothing for review here.

■ Appellee contends that specification covering assignment of error 10 is abandoned as not urged here. This is well founded. This assignment is as follows:

"And that said Court erred in holding that the defendant had imitated the device of the plaintiff, had advertised its seal as an improvement and placed upon its can a statement that it had also applied for a patent."

Clearly this assignment is directed solely to whether appellant's device infringed that of appellee. Although appellant states in its brief "the defenses relied upon by the defendant-appellant were lack of invention in view of the prior state of the art, anticipation by the Walsh patent No. 260,432 and non-infringement in view of admissions made during the prosecution of the application for the patent before the Patent Office," yet there is no argument as to infringement. Appellant's entire argument is directed at invalidity of the patent. Even after the above challenge in appellee's brief as to this assignment, the reply brief is silent both as to infringement and as to this challenge.

■ Appellee contends that the remaining specification (covering assignment 13) presents nothing here because the specification violates rule 24 (Fourth) above and also rule 11. It is necessary to consider only rule 11. That rule governs "Assignment of Errors", and is as follows:

## "11. Assignment of Errors.

"The appellant shall file with the clerk of the court below, with his petition for the appeal, an assignment of errors, which shall set out separately and particularly each error asserted and intended to be urged. No appeal shall be allowed until such assignment of errors shall have been filed. When the error alleged is to the admission or to the rejection of evidence, the assignment of errors shall quote the full substance of the evidence admitted or rejected. When the error alleged is to the charge of the court, the assignment of errors shall set out the part referred to totidem verbis, whether it be in instructions given or in instructions refused. Such assignment of errors shall form part of the transcript of the record and be printed with it."

Assignment 13 is as follows:

"And that said Court erred more particularly in the findings of fact and conclusions of law herein as follows, to-wit, in the findings of fact numbered respectively 3, 4, 5, 6, 7, 8, 9, 10, 11 and 12, and in the conclusions of law numbered respectively 1, 2, 3 and 4."

This assignment lumps together all of the findings except 1 and 2 made by the court and all of the conclusions of law stated by the court. The two omitted findings are concerned solely with the identity and citizenship of the parties, the ownership by appellee of the patent in suit, and the making and selling by appellant, within six years of suit, of containers exemplified in two named exhibits— concerning none of these matters was there the slightest issue of fact in the evidence. In short, the appellant has lumped into this assignment the entire case, except objections to evidence and no such objections are urged here or preserved in any assignment. All that this assignment amounts to is that a wrong decree was entered. It is a clear violation of rule 11 requiring that assignment of errors shall "set out separately and particularly each error asserted and intended to be urged."

■ Appellant contends that Equity Rule 19 (28 USCA § 723) requires this court to disregard the above defects in assignments and specifications of errors and to consider the substantial rights of the parties. To accept this contention to its full logical conclusion would mean that all rules of practice for the orderly conduct of appeals might be disregarded with impunity. Certainly that cannot be the meaning of the equity rule. Rules of appellate practice are necessary. If parties, through oversight, fail in compliance therewith, they are afforded a remedy through amendment which is all sufficient to protect every substantial right. This court has repeatedly permitted such amendments where seasonably sought and when such accorded with the justice of the situation. This method not only amply protects the parties, but it preserves the helpful purposes of the appel-

late rules in providing orderly procedure. No request for such amendments was here made, and, having failed to follow this easily available method, the appellant is in no position to invoke the protection of Equity Rule 19.

Since the specifications and assignments of error present nothing for our consideration, the decree must be and is affirmed.

VAN VALKENBURGH, Circuit Judge (concurring).

Judge STONE'S criticism of the specifications of error relied upon in the brief of appellant is unanswerable. However, because of the importance of the case, I desire to add that, in my judgment, appellee should prevail upon the merits.