### JONES v. FUTRALL.

### No. 10034.

Circuit Court of Appeals, Eighth Circuit.
Jan. 17, 1935.

William B. Alexander, of Pine Bluff, Ark. (Alexander H. Rowell, Alexander H. Rowell, Jr., and Jay W. Dickey, all of Pine Bluff, Ark., on the brief), for appellant.

Harry T. Wooldridge, of Pine Bluff, Ark., for appellee.

Before SANBORN, WOODROUGH, and BOOTH, Circuit Judges.

SANBORN, Circuit Judge.

This appeal is from a judgment in an action at law tried to the court without a jury. There was no written nor oral stipulation waiving a jury, in accordance with chapter 357, 46 Stat. 486, 28 USCA § 773. There is no bill of exceptions, and the record contains only the pleadings, a motion to dismiss the plaintiff's complaint, an opinion of the court below, and the judgment, in which is incorporated certain general findings. The judgment recites that the case was submitted to the court upon the pleadings, a motion of the defendant to dismiss, a complaint in intervention, and the arguments of counsel. The court below must have based the judgment upon admissions made by counsel in their arguments, since, upon the pleadings, neither party was entitled to judgment.

The complaint alleged, in substance, that the defendant (appellant), as representative of the estate of R. Carnahan, was indebted to the plaintiff (appellee) in the sum of $2,000 with interest, on account of the estate's ownership of twenty shares of stock of the National Bank of Arkansas, upon which stock an assessment of 100 per cent. had been duly levied by the Comptroller of the Currency; and that the plaintiff was indebted to the defendant in the sum of $1,639.94, which had been received by the bank from the estate, and which should be applied to the reduction of the estate's liability growing out of the stock assessment. The answer denied that the estate owned the stock or was liable for the assessment levied thereon, asserted that no claim based upon such assessment had been filed against the estate in the probate proceedings in the probate court of Jefferson county, Ark., and alleged that it had been determined by that court, in a proceeding of which it had jurisdiction and which was between the same parties and involved the same subject-matter, that the $1,639.94 due the estate from the bank should not be applied in reduction of any liability of the estate on account of the assessment.

There were, therefore, several clear-cut issues of fact and law presented by the pleadings:

1. Did the estate of Carnahan own twenty shares of the stock of the bank at the time the assessment was made?

2. Was the estate liable to the plaintiff, he having failed to file a claim against the estate in the probate proceedings?

3. Was the $1,639.94, which it was conceded that the plaintiff owed the estate, to be applied to the reduction of the stockholder's liability of the estate, if any existed, in view of the order of the probate court with respect thereto?

None of the specifications of error relate to any questions arising upon the primary record.

The first specification charges that the court erred in making a certain finding. The record fails to show the finding complained of. Moreover, the findings of the court or the refusal of the court to make findings could not be challenged upon the record before us. Manzo et al. v. United States (C. C. A. 8) 66 F.(2d) 579, 581; Desha County, Ark. v. Crocker First National Bank (C. C. A. 8) 72 F.(2d) 359, 360; Arthur C. Harvey Co. v. Malley et al., Former Collectors, 288 U. S. 415, 53 S. Ct. 426, 77 L. Ed. 866.

The other specifications, with the exception of the last specification, challenge "holdings" of the court. These obviously refer to the reasons which are given in the opinion[1] for the conclusion reached.

In the case of E. R. Squibb & Sons v. Mallinckrodt Chemical Works (C. C. A. 8) 69 F.(2d) 685, 686, this court said, with reference to such assignments:

"Obviously, each of these assignments is an attack upon a rule of law claimed to have been stated in the opinion. It is a long established doctrine in this court that error cannot be based upon the opinion of the trial court [City of St. Paul v. Certain Lands (C. C. A.) 48 F.(2d) 805, 807; Lahman v. Burnes Nat. Bank (C. C. A.) 20 F.(2d) 897,

[1] Not for publication.

899; Stoffregen v. Moore (C. C. A.) 271 F. 680, 681; Nowata County Gas Co. v. Henry Oil Co. (C. C. A.) 269 F. 742, 744; U. S. v. Porter Fuel Co. (C. C. A.) 247 F. 769, 770; Smart v. Wright (C. C. A.) 227 F. 84, 85; Mason v. U. S. (C. C. A.) 219 F. 547, 548; Childs v. Williams (C. C. A.) 212 F. 151, 152], as said by this court in U. S. v. Porter Fuel Co., 247 F. 769, 770:

" 'The opinion of the court was not the subject of exception or assignment of error. The reasons given in the opinion for the judgment of the court might be wrong, and still its judgment right. It is what the court did, and not what it said, which is subject to exception and review. We, therefore, in the present case, are concerned only with the question as to whether the trial court erred in dismissing plaintiffs' bill of complaint, and not with its reasons for so doing, except as those reasons may throw light upon the question to be decided.' "

See, also, Ford Motor Co. v. Brady (C. C. A. 8) 73 F.(2d) 248, 250.

The last specification charges error in allowing interest. How or in what manner, if at all, that question was presented to the court below does not appear. So far as the record shows, it has been raised for the first time on this appeal.

Manifestly, there is no question presented by the appellant which we are at liberty to consider upon the record presented.

The judgment is affirmed.