KINCADE et al. v. MIKLES et al.

UNITED STATES FIDELITY & GUARANTY CO. v. SAME.

Nos. 12842, 12843.

Circuit Court of Appeals, Eighth Circuit.

Oct. 5, 1944.

Rehearing Denied Nov. 17, 1944.

G. Byron Dobbs, of Fort Smith, Ark. (Mr. T. B. Pryor and Mr. T. B. Pryor, Jr., both of Fort Smith, Ark., on the brief), for appellants.

Hugh M. Bland, of Fort Smith, Ark., for appellees.

Before GARDNER, THOMAS, and RIDDICK, Circuit Judges.

GARDNER, Circuit Judge.

As originally brought this was a suit in equity by which appellees sought an injunction. By evolution effected through various amendments it became in its final form an action at law to recover damages brought by appellees as plaintiffs against Ark-La Electric Cooperative, Inc., the L. O. Brayton Construction Company, a partnership composed of L. O. Brayton, C. B. Ford, R. M. Ford, W. E. Moore and V. Forkum, and Delta Construction Company, a partnership composed of W. S. Kincade, Eva Dunn Kincade and Robert P. Kincade, because of the alleged carelessness and negligence in cutting and opening up fences and enclosures of plaintiffs, permitting cattle to escape and become lost. The action was tried to the court without a jury and resulted in a judgment in favor of the plaintiffs and against defendants W. S. Kincade, Mrs. W. S. Kincade, and Robert P. Kincade, copartners as the Delta Construction Company, and the United States Fidelity and Guaranty Company, in the sum of $3850. The court dismissed the action as to the defendants Ark-La Electric Cooperative, Inc. and L. O. Brayton and his partners.

The court found that the defendants W. S. Kincade, Mrs. W. S. Kincade and Robert P. Kincade, partners as the Delta Construction Company, had entered upon certain lands described in plaintiffs' complaint, which were under their control and possession, for the purpose of clearing a right of way for a high tension electric transmission line and of erecting along and upon such right of way transmission lines; that the right of way passed through and over the pasture lands of plaintiffs where they had 222 head of cattle enclosed by a good and sufficient fence; that the employees of said defendants W. S. Kincade, Mrs. W. S. Kincade, and Robert P. Kincade, cut and removed the pasture fences and negligently failed to restore them to their former state, as the result of which a great number of plaintiffs' cattle located in said pasture escaped; that plaintiffs expended $400 in an effort to locate and return the cattle but were unable to find

69 head of the cattle which had escaped; that the value of the cattle which had escaped was $50 a head, and that plaintiffs were entitled to recover such value, in addition to the sum of $400 expended in an attempt to find and return them to the enclosures.

The court also found that the United States Fidelity and Guaranty Company, as surety for the Kincades, had executed an indemnity bond filed in the suit as first instituted, whereby it agreed that if it should finally be determined in the action that plaintiffs have suffered any damages by reason of the matter set up in plaintiffs' complaint, or if they suffered any damage by reason of the negligence of the representatives of the Kincades, it would pay such damages not exceeding the sum of $5,000. Although the United States Fidelity and Guaranty Company was not a party to the action and did not appear therein, the court nevertheless entered a joint and several judgment against the defendants W. S. Kincade, Mrs. W. S. Kincade, and Robert P. Kincade and the Guaranty Company. Although but one judgment was entered we have here two appeals, one perfected by the Kincades and the other perfected by the United States Fidelity and Guaranty Company. The appeals are presented on one record and on joint briefs.

At the very threshold of the case, we find it necessary to consider the condition of the record. Appellants' brief contains no statement of the points relied upon and intended to be urged, as required by Rule 11(b) Fourth of this court, prescribing what must be contained in appellants' brief and reading in part as follows:

"A separate and particular statement of each assignment of error (in criminal cases), or of each point relied upon (in civil cases), intended to be urged, with the record page thereof. If an error assigned or point relied upon relates to the admission or exclusion of evidence, the statement shall quote the evidence referred to and the pertinent objections or exceptions taken, together with the rulings of the court thereon, giving the pages of the printed record on which the quotations appear."

■ The rule also requires that the brief contain a concise statement of each point to be argued. The appellant must set out in his brief a separate and particular statement of each point relied upon intended to be urged so as to point out what action or

ruling of the trial court is urged as error and such a statement is not sufficient if it simply invites the court to search the record generally for error. Cohen v. United States, 8 Cir., 142 F.2d 861; Butler v. United States, 8 Cir., 108 F.2d 27; Ralston Purina Co. v. Novak, 8 Cir., 111 F.2d 631; American Ins. Co. v. Scheufler, 8 Cir., 129 F.2d 143; Jones v. Futrall, 8 Cir., 75 F.2d 418; E. R. Squibb & Sons v. Mallinckrodt Chemical Works, 8 Cir., 69 F.2d 685; Ford Motor Co. v. Brady, 8 Cir., 73 F.2d 248; Ed S. Michelson, Inc., v. Nebraska Tire & Rubber Co., 8 Cir., 63 F.2d 597. Here we are not called upon to determine the sufficiency of the assignments or points intended to be urged because of the total absence of any statement whatever. In general an alleged error must be presented by a proper statement of the point relied upon intended to be urged for reversal. In Cohen v. United States, supra, we said [142 F.2d 863]:

"The purpose in requiring that appellant's brief contain a separate and particular statement of each point relied upon intended to be urged, is to point out to the appellate court the specific ruling or action of the trial court which is challenged as erroneous and to limit the presentation in the appellate court to the matters in the specifications as stated in the brief."

■ The appellate court may, however, in its discretion consider a plain error apparent on the face of the record, even though not assigned, to avoid a manifest miscarriage of justice. Wayne v. New York Life Insurance Co., 8 Cir., 132 F.2d 28. This is particularly true if the error involves a question of jurisdiction. Rogers v. Penobscot Mining Co., 8 Cir., 154 F. 606.

■ On the face of this record we think it was manifestly erroneous for the trial court to enter judgment against appellant United States Fidelity and Guaranty Company. It was not a party to the action; it had not appeared therein, and it was entitled to its day in court.

■ The appellants Kincade contend that (1) negligence on their part was not proved; (2) the evidence was unworthy of belief; (3) the court erred in permitting J. P. Mikles, Jr. and H. P. Mikles to be added as plaintiffs; (4) the court erred in refusing to permit appellants to examine J. P. Mikles, Jr. after he became a plaintiff and testified. Their chief contention is that the negligence of the defendants was not

787

proved. In view of the condition of the record we are not disposed to review the evidence in detail further than to note that we have carefully read the entire record and while the evidence bearing on the question of the defendants' negligence is not very definite nor certain we think when the direct testimony is considered in connection with the facts and surrounding circumstances it can not be said to be unsubstantial. Any fact, even the commission of a felony, may be established by circumstantial evidence and negligence may be so established. Sears, Roebuck & Co. v. Peterson, 8 Cir., 76 F.2d 243; Ramsouer v. Midland Valley R. Co., 8 Cir., 135 F.2d 101; Omaha Water Co. v. Schamel, 8 Cir., 147 F. 502; Pennsylvania Co. v. Zahner Metal Sash & Door Co., 6 Cir., 273 F. 993; National Biscuit Co. v. Litzky, 6 Cir., 22 F.2d 939, 56 A.L.R. 853.

■ Findings of fact made by the trial court are not to be disturbed unless clearly erroneous. Rule 52(a) Rules of Civil Procedure, 28 U.S.C.A. following section 723c; Gray v. United States, 8 Cir., 109 F.2d 728; Deep Rock Oil Corp. v. Salisbury, 8 Cir., 130 F.2d 387. If the findings are sustained by substantial evidence they can not ordinarily be said to be erroneous.

■ The Ark-La Electric Cooperative, Inc. had acquired an easement to enter upon the lands above described for the purpose of constructing, operating and maintaining an electric transmission or distribution line, together with appliances. A crew of the Kincades constructing the "high line" passed over this right of way about the last of March or the first of April. Mikles' fences were cut on the northwest side where the line came up the mountain, and on the southeast side of the corral pasture, in which the cattle were kept and from which they escaped. The high line went through the corral pasture and the fence was down across the right of way. One of the appellants testified that he was on the Mikles place a week or a week and a half after the crew went through and saw where the clearing crew had gone through the corral pasture. The superintendent for the Kincades testified that it took two or three days on the Mikles pasture, and that gaps were built to permit trucks to enter the fields and leave poles and other equipment. Mr. Sharp testified that he worked on construction on the high line over the Mikles corral pasture, starting about the 5th or 6th of April, 1942, after some work had been done. He worked blocking poles and tamping holes, and remembered going through the corral pasture with his crew; that there was a truck crew ahead of him and there were two trucks; that the right of way was wide open, and the fence was open; that the fences along the right of way were already opened; that if they had to go around a road to go into a field, gaps would be opened and they would leave the fence down; that they were not to take time to fool with them. He testified that the Kincades' foreman said: "To hell with the farmers and the fences. We've got to get this high line through." These facts, in connection with the attending circumstances, tended to prove that the appellants Kincade were responsible for the openings in the fences, and they reasonably tend to exclude any other probable cause. Omaha Water Co. v. Schamel, supra. The trial court was charged with the duty of weighing the evidence and determining the credibility of the witnesses and of determining inferences and making findings of fact. We think the findings are sustained by substantial evidence.

■ The trial court permitted the original plaintiff to add as plaintiffs J. P. Mikles, Jr. and H. P. Mikles because it appeared that a chattel mortgage on the cattle had been signed not only by the original plaintiff but by J. P. Mikles, Jr. and H. P. Mikles. Appellants were certainly not prejudiced by this action and Rule 21 of the Rules of Civil Procedure permits parties to be added or dropped at any stage of the action and on such terms as may be just.

As to the contention that the evidence is unworthy of belief, it need only be said that it was the function of the trial court to pass upon the credibility of the witnesses and the weight to be given to their testimony.

■ Complaint is made that the cross-examination of the added parties was unduly restricted. The rule in Federal Court is that a witness can not be cross-examined except as to facts and circumstances connected with the matters covered in his direct examination. If the opposing party wishes to cross-examine him as to other matters, he must make him his own witness. Moyer v. Ætna Life Ins. Co., 3 Cir., 126 F.2d 141. Rule 43(b) Rules of Civil Procedure provides that a party may call an adverse party or officer and interrogate him by leading questions, and

the party so called may be contradicted or impeached and may be cross-examined by the adverse party only on the subject matter of his examination in chief. The object of the rule was manifestly to restrict cross-examination of such witness to the subject matter of his examination in chief. There is nothing in the record to indicate that the proposed examination would result in anything of a relevant or useful nature. There is neither a pertinent question with a ruling on it, nor anything else in the record to show what counsel hoped to gain by the examination of the witness. There was no error in the ruling complained of.

On the appeal of the United States Fidelity and Guaranty Company the judgment is reversed, and on the appeal of the Kincades and others the judgment is affirmed, and the cause is remanded to the trial court with directions to modify the judgment in accordance herewith.