## HARROW–TAYLOR BUTTER CO. v. CROOKS, Collector of Internal Revenue.

### No. 8785.

Circuit Court of Appeals, Eighth Circuit.

May 28, 1930.

George N. Murdock, of Chicago, Ill. (Roger Shale, of Washington, D. C., E. E. Sharp, of Kansas City, Kan., and J. Hamilton Lewis, of Chicago, Ill., on the brief), for appellant.

Harry L. Thomas, Asst. U. S. Atty., of Kansas City, Mo. (William L. Vandeventer, U. S. Atty., of Kansas City, Mo., on the brief), for appellee.

Before BOOTH and GARDNER, Circuit Judges, and SANBORN, District Judge.

SANBORN, District Judge.

The appellant, the Harrow-Taylor Butter Company, brought this action at law in the court below to recover taxes paid by it, which it claims were illegally assessed under the Act of August 2, 1886, 24 Stat. 209, as amended by the Act of May 9, 1902, 32 Stat. 194, title 26 U. S. Code, c. 7 (26 USCA, c. 7, § 541 et seq.), relating to the taxation of products classed as oleomargarine. A jury was waived and the case tried by the court. The court held that the product which was known as "Rich Nut Shortening" and was composed of a mixture of vegetable oils, salt, benzoate of soda, water, and artificial coloring matter, was taxable under the act in question, and that the act was valid, and entered judgment for the appellee. From this judgment this appeal was taken.

We are virtually precluded by the rules of this court from considering the questions sought to be raised by the appellant. Rule 24 (188 F. xvi) provides that an appellant's brief shall contain: "A specification of the errors relied upon, which, in cases brought up by writ of error, shall set out separately and particularly each error asserted and intended to be urged; and in cases brought up by appeal the specification shall state, as particularly as may be, in what the decree is alleged to be erroneous." Since an appeal has now been substituted for a writ of error in actions at law, that portion of the rule relating

to cases brought here by writ of error applies to this case.

In City of Lincoln v. Sun Vapor Street-Light Co., 59 F. 756, 758, this court clearly stated the reasons for the rule, saying among other things: "If the rule is observed, the arguments of counsel and the consideration of the court are concentrated upon the important questions in controversy, instead of being scattered and dissipated by the argument and consideration of numerous side issues, that, if at all material, are generally governed by the decision of the main questions, and in this way a just result is more speedily and certainly attained."

The court pointed out that the rule in effect requires counsel to specify from the errors assigned in the court below, which are frequently numerous, those upon which they will rely for reversal, and that the rule "will be enforced by the court, to the end that the vital issues in the case may be clearly presented." The observance of this rule has been required by this court since the decision in that case, and failure to observe it is alone ground for affirmance. Kinser v. United States (C. C. A.) 231 F. 856; Lohman v. Stockyards Loan Co. (C. C. A.) 243 F. 517; City of Goldfield v. Roger (C. C. A.) 249 F. 39; Daly-West Mining Co. et al. v. Savage (C. C. A.) 253 F. 548.

The brief of the appellant does not comply with the rule. Under the "Memorandum of Points and Authorities" in the brief, certain general propositions of law which were urged by the appellant in the court below and ruled against it are stated, and under each such statement reference is made to certain assignments of error by number, as, for example, "Assignments 1, 2 and 3." This is obviously not the specification of errors required by the rule referred to.

However, to avoid any feeling that the result of this case might have been different had this rule not been violated, it may as well be said that we are of the opinion that the trial court was justified in entering judgment for the appellee. The constitutionality of the act in question was sustained by the Supreme Court of the United States in McCray v. United States, 195 U. S. 27, 24 S. Ct. 769, 49 L. Ed. 78, 1 Ann. Cas. 561. The appellant contended that the act did not apply to substitutes for butter made of vegetable oil. The court below held that it did, and we think that that is a reasonable construction of the act. In that connection, it is of some interest to note that in its opinion in the McCray Case, on page 43 of 195 U. S., 24 S. Ct. 769,

771, the Supreme Court, in quoting that portion of the act which the appellant here claims excludes vegetable oil butter substitutes, does so as follows: "And all mixtures and compounds of tallow, beef fat, suet, lard, lard oil, vegetable oil, and annotto."

The judgment is affirmed.