T.C. Memo. 2002-32

UNITED STATES TAX COURT

EUGENE CLARK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12919-99.                    Filed January 30, 2002.

Eugene Clark, pro se.

<u>Richard A. Stone</u>, for respondent.

MEMORANDUM OPINION

GOLDBERG, <u>Special Trial Judge</u>:  Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1996 in the amount of $2,909.  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The issues in this case are: (1) Whether petitioner is entitled to a Schedule C, Profit and Loss From Business, car and truck expense deduction beyond that which respondent allowed; (2) whether petitioner is entitled to a Schedule C depreciation expense deduction beyond that which respondent allowed; and (3) whether petitioner overstated Schedule C gross receipts.[1] An adjustment to the self-employment tax and deduction therefor is computational and will be resolved by the Court's holding on the issues in this case.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner resided in Owings Mills, Maryland.

Petitioner has a doctorate in education. During 1996, petitioner provided human resource consulting services through a business entity known as E. Clark and Associates, a sole proprietorship. Petitioner operated his business from his home. Petitioner rendered services to governmental agencies. These agencies issued purchase orders to petitioner. After completion of the job an invoice was sent to the agency for payment.

---

[1] Petitioner raised an additional issue in his petition: Whether petitioner was entitled to Schedule A, Itemized Deductions, in lieu of the standard deduction. This issue was abandoned by petitioner at trial.

Payment was typically received between 30 days and 180 days from the date of invoice.

During the year in issue, petitioner maintained a personal checking account at Nations Bank/Bank of America[2] for both personal and business deposits and expenditures. In 1996, petitioner made total deposits into his personal checking account of $46,382.89.

In 1996, petitioner owned a 1994 Lexus ES-300 (Lexus). On Form 4562, Depreciation and Amortization, attached to Schedule C, petitioner claimed that the Lexus was used 85 percent for business use and 15 percent for personal use. Petitioner also owned a Toyota Camry during the year in issue.

Petitioner timely filed his 1996 Federal income tax return. During the examination of petitioner's 1996 income tax return, petitioner submitted to respondent's agent a revised Form 1040, U.S. Individual Income Tax Return, which was never filed,[3] including a new 1996 Schedule A, Itemized Deductions. This return reflected itemized deductions on Schedule A in lieu of the standard deduction on petitioner's original return.

In a notice of deficiency, respondent determined that

---

[2]    Nations Bank acquired Bank of America in 1996, and the combined bank became Bank of America.

[3]    It is unclear from the record whether petitioner prepared an amended 1996 Federal income tax return, Form 1040X, Amended U.S. Individual Income Tax Return.

petitioner was not entitled to the Schedule C car and truck expense deduction because petitioner failed to substantiate the actual expenses claimed, and, instead, petitioner was allowed a deduction based on standard mileage. Therefore, respondent disallowed the depreciation deduction for petitioner's Lexus and further disallowed a portion of the depreciation deduction claimed for his computers for failure to substantiate the amounts claimed. In the petition, petitioner raised a new issue that the amount of gross receipts reported on his Schedule C was overstated.

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving the entitlement to any deduction claimed. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).[4]

Section 162(a) allows a taxpayer to deduct all ordinary and necessary business expenses paid or incurred during the taxable year in carrying on any trade or business. To be "necessary" an expense must be "appropriate and helpful" to the taxpayer's business. Welch v. Helvering, 290 U.S. 111, 113 (1933). To be

---

[4] Upon reviewing the record, it is unclear when the audit of petitioner's 1996 return commenced. However, since sec. 7491(a) does not alter the taxpayer's burden of proof where the taxpayer has not complied with all applicable substantiation requirements, including those of sec. 274(d), sec. 7491(a) does not apply in this case. Higbee v. Commissioner, 116 T.C. 438, 442 (2001).

"ordinary" the transaction which gives rise to the expense must be of a common or frequent occurrence in the type of business involved. Deputy v. Du Pont, 308 U.S. 488, 495 (1940). No deduction is allowed for personal, living, or family expenses. Sec. 262(a).

Generally, if a claimed business expense is deductible, but the taxpayer is unable to substantiate it, the Court is permitted to make as close an approximation as it can, bearing heavily against the taxpayer whose inexactitude is of his or her own making. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). The estimate must have a reasonable evidentiary basis. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985). However, section 274 supersedes the doctrine of Cohan v. Commissioner, supra, see sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985), and requires strict substantiation of expenses with respect to any listed property as defined in section 280F(d)(4). Sec. 274(d). Listed property includes any passenger automobile or any other property used as a means of transportation, and computers. Sec. 280F(d)(4)(A)(i), (ii), (iv).

Actual expenses related to the business use of an automobile are deductible under section 274, if substantiated. Alternatively, self-employed individuals may use the standard mileage rate by multiplying the number of miles driven for

business purposes by the standard rate. Rev. Proc. 95-54, 1995-2 C.B. 450. The standard mileage rate for 1996 was 31 cents per mile. Id. A taxpayer may choose to use the standard mileage rate in lieu of the actual automobile expenses. Id.; Nash v. Commissioner, 60 T.C. 503, 520 (1973); Parker v. Commissioner, T.C. Memo. 1993-15. However, if the taxpayer chooses to use the standard mileage rate, he or she is precluded from depreciating the vehicle in the same year. Rev. Proc. 95-54, 1995-2 C.B. 450.

Petitioner claimed a car and truck expense deduction on his 1996 Federal income tax return of $7,714 based upon actual expenditures for the use of his Lexus in the conduct of his business. Petitioner testified that the car and truck expense reported on his return was based on actual expenditures including automobile insurance, gasoline, oil change and maintenance, and automobile payments. Petitioner offered into evidence two Jiffy Lube receipts totaling $111.14 and a mileage log prepared during the audit. Petitioner offered no other evidence substantiating the $7,714 car and truck expense. At trial, petitioner did not dispute respondent's mileage calculation for the business use of his Lexus during 1996.

Upon the basis of the record, we find that petitioner failed to substantiate the car and truck expense deduction beyond that which respondent allowed using the standard mileage rate. As a result, petitioner is not entitled to depreciate the Lexus within

the same year.  Rev. Proc. 95-54, 1995-2 C.B. 450.  Respondent is sustained on this issue.

Section 167(a) permits a depreciation deduction for the exhaustion and wear and tear of property used in a trade or business.  In calculating the depreciation deduction of $12,600 petitioner included:  Office furniture ($1,900); Lexus automobile ($6,800); and two computers ($3,900).  Of the amount claimed, respondent allowed $4,579 comprising $1,900 for office furniture and $2,679 for computers.

At trial, petitioner offered into evidence an itemized NEA credit card summary report for 1996 showing a payment of $1,163 to P.C. Warehouse.  After reviewing the NEA credit card summary report, we find that petitioner substantiated the purchase of a second computer in the operation of his business.  Accordingly, petitioner is entitled to a total depreciation deduction of $5,742 for 1996.[5]

The last issue is one raised by petitioner in his petition. Petitioner claimed that the amount of gross receipts on Schedule C was overstated by $11,022.  Thus, according to petitioner the

---

[5]     Petitioner elected to expense the cost of the two computers purchased in 1996 under sec. 179 on Form 4562, Depreciation and Amortization, and, therefore, is entitled to deduct the amounts as reflected herein.

correct amount of his gross receipts should be $34,578.[6]

In petitioner's brief, he contends that the issue of the possible overstatement of income first arose during the audit conducted by the Internal Revenue Service (IRS) revenue agent. Petitioner claims that during the audit the revenue agent may have opined that petitioner overstated his gross receipts. In petitioner's brief he further stated: "each of these issues, i.e., travel mileage, car and truck expenses, depreciation, deductions allowed after Petitioner filed a Schedule A 1040 Form with the Auditor at the Auditor's request, configuration of various exemptions, and so forth, were resolved with the IRS Auditor." Petitioner contends that "these issues are not before the Court." Despite petitioner's belief that "these issues are not before the Court", no settlement was reached administratively with the Commissioner, a notice of deficiency was issued, and petitioner timely filed a petition for redetermination of his 1996 Federal income taxes.

Gross income includes all income from whatever source derived. Sec. 61(a). Section 61(a)(2) specifically includes income derived from business. It is required under Federal law that taxpayers maintain adequate and accurate tax records. Sec. 6001; see also Jones v. Commissioner, 903 F.2d 1301, 1303 (10th

---

[6]    This amount is rounded to the nearest dollar.

Cir. 1990), affg. in part, revg. in part and remanding T.C. Memo. 1988-373.

On petitioner's 1996 return, petitioner reported gross receipts on his Schedule C of $45,600. According to petitioner's petition he claims that gross receipts for 1996 were overstated by $11,022. At trial, petitioner offered bank deposit records from Nations Bank/Bank of America for 1996 and further testified that a portion of his income (or amounts deposited in his personal checking account) for 1996 was from cash advances from an unspecified credit card. Petitioner offered no evidence showing the amounts, dates, or the source of the purported cash advances. Petitioner also failed to provide the alleged invoices or purchase orders that would substantiate petitioner's gross receipts for 1996. The total deposits into his personal checking account during that year were $46,382.89, approximating the gross receipts of $45,600 reported on Schedule C of his return.

Petitioner's naked assertion that the amounts deposited in his account are overstated is unpersuasive. The Court has discretion to disregard testimony which we find self-serving. Niedringhaus v. Commissioner, 99 T.C. 202, 212 (1992).

Upon the basis of the record, we find that petitioner did not overstate his income during the 1996 tax year.

To reflect the foregoing,

Decision will be entered

under Rule 155.