T.C. Summary Opinion 2003-77

UNITED STATES TAX COURT

WALLACE W. BURKE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14533-01S.            Filed June 18, 2003.

Wallace W. Burke, pro se.

<u>J. Craig Young</u>, for respondent.

DINAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.  Unless otherwise indicated,
subsequent section references are to the Internal Revenue Code in
effect for the year in issue.

Respondent determined a deficiency in petitioner's Federal income tax of $812 for the taxable year 1999.

The issue for decision is what portion of the retirement benefits petitioner received during 1999 are includable in gross income.

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference. Petitioner resided in Raleigh, North Carolina, on the date the petition was filed in this case.

Petitioner is a retired teacher. Over the years, petitioner contributed $57,665.65 to the Teachers and State Employees Retirement System of North Carolina (TSERS). Petitioner was taxed on the funds which he used to make $18,905.42 of these contributions. The remaining contributions of $38,760.23 were made with funds which were not subject to taxation in the years in which they were earned.

During the year in issue, petitioner received a distribution of $38,422.50 from TSERS.

For the year in issue, petitioner was issued a Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc. This form indicated that petitioner received $38,422.50 in total distributions during that year, that the taxable portion of the

distributions was $37,477.26, and that the nontaxable portion was $945.24.

Petitioner filed an individual Federal income tax return for 1999. On this return, petitioner reported total pension and annuity distributions of $37,477.26, and he reported that the taxable portion of the distributions was $34,599.02. In the statutory notice of deficiency, respondent determined that the information reported on the Form 1099-R was correct.

Petitioner does not dispute receiving distributions of $38,422.50 from TSERS during the year in issue. Petitioner argues that respondent's calculation of the taxable portion of these distributions is in error.

Gross income generally includes all income from whatever source derived, including pensions and annuities. Sec. 61(a)(9), (11); sec. 72(a). However, portions of annuity payments may be excludable from income under section 72(b). The excludable portion of a payment generally is that portion which bears the same ratio to such payment as the "investment in the contract" bears to the expected return under the contract, determined at the time the annuity payments begin. Sec. 72(b)(1). While the term "investment in the contract" is defined generally as "the aggregate amount of premiums or other consideration paid for the contract", sec. 72(c)(1)(A), contributions made by an employer on behalf of an employee-taxpayer which were not includable in the

taxpayer's gross income generally are not part of the taxpayer's investment in the contract, sec. 72(f).  Therefore, in the context of this case, a taxpayer's investment in a contract includes only the amount of "after-tax contributions" and does not include any "pre-tax contributions".

On his 1999 return, petitioner elected to use the section 72(b) "safe harbor" provisions provided in Notice 88-118, 1988-2 C.B. 450, which were to be used for certain annuity payments made from section 401(a) qualified plans, section 403(a) employee annuities, and section 403(b) annuity contracts.[1]  Neither party questions the applicability of these safe harbor provisions to the case at hand; the dispute centers solely on the calculation made thereunder.  As discussed below, the sole remaining issue is the proper amount of petitioner's investment in the contract.

For purposes of illustration, the following are summaries of the calculations made by petitioner and respondent pursuant to the applicable worksheet provided by the Internal Revenue Service (the relevant line numbers of the worksheet are indicated):[2]

_____

[1]Similar provisions were codified in sec. 72(d).  This subsection does not apply to the case at hand because it is inapplicable to annuities which started prior to November 19, 1996.  Small Business Job Protection Act of 1996, Pub. L. 104-188, sec. 1403(b), 110 Stat. 1791.

[2]Although we use these worksheets to illustrate the dispute in this case, we note that the IRS guidance exists merely to assist taxpayers in filing tax returns; neither the Commissioner nor this Court is bound by such guidance where it is contrary to
(continued...)

| | Petitioner | Respondent |
|---|---|---|
| 1. Total distributions received in 1999 | $37,477.26 | $38,422.50 |
| 2. Cost in the plan (i.e., investment in the contract) | 57,665.65 | 18,905.42 |
| 4. Cost divided by 240 month recovery period (monthly exclusion) | 240.27 | 78.77 |
| 5. Multiplied by 12 (yearly exclusion) | 2,883.24 | 945.24 |
| 9. Taxable distributions received in 1999 (line 1 minus line 5) | 34,594.02 | 37,477.26 |

There are two points of contention between petitioner and respondent--the amounts reflected on lines 1 and 2. The remaining lines in the calculation are computational and are based upon the first two amounts.

First, petitioner in his calculation used total distributions (line 1) of $37,477.26, rather than the $38,422.50 used by respondent. Petitioner has agreed that the latter amount represents the total distributions he received in 1999, thus respondent's use of this amount in his calculation is correct.

Second, petitioner used a total cost in the plan, or investment in the contract (line 2), of $57,665.65. The amount used by petitioner represents the total contributions petitioner made to the plan, using both taxed and untaxed funds. However, a taxpayer's investment in a contract generally includes only the amount of after-tax contributions and does not include pre-tax contributions. Sec. 72(f). Thus, the amount of $18,905.42 used by respondent--the amount representing only those contributions which were made using previously taxed funds--is the correct amount.

---

[2](...continued)
the law. Dixon v. United States, 381 U.S. 68 (1965); Automobile Club v. Commissioner, 353 U.S. 180 (1957).

The calculations reflected on lines 4, 5, and 9 effectively reduce the amount of the gross distribution received by petitioner during 1999 by a ratable portion of the taxed contributions he made to his retirement plan, as allowed by section 72(b).

Petitioner argues in his petition that the "IRS alleges the gross distribution retirement pension amount (Form 1099-R, Box 1) is the Federal taxable amount of my pension for computing my Federal income tax on Form 1040, Line 16a." We note that the amount of the gross distribution which appears in box 1 of Form 1099-R and which should be on line 16a of Form 1040 is not the amount included in petitioner's gross income. This amount, while meant to be listed on the Form 1040, does not directly figure into the computation of gross income. The amount included in gross income is the amount which has been reduced to reflect the taxed contribution portion, and which appears in box 2a on Form 1099-R and which should be on line 16b of Form 1040.

Because respondent used the proper investment in the contract in his calculation of the portion of the annuity payments includable in petitioner's gross income, we sustain respondent's determination in the notice of deficiency.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.