T.C. Memo. 2012-353

UNITED STATES TAX COURT

RICHARD D. RASMUSSEN AND CHERYL RASMUSSEN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16189-11.                    Filed December 19, 2012.

Richard D. Rasmussen and Cheryl Rasmussen, pro sese.

<u>Shaina E. Boatright</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KERRIGAN, <u>Judge</u>:  Respondent determined the following deficiency,
addition to tax, and penalty with respect to petitioners' Federal income tax for tax
year 2008:

**[*2]**

| Year | Deficiency | Addition to Tax Sec. 6651(a) | Penalty Sec. 6662(a) |
|------|-----------|------------------------------|----------------------|
| 2008 | $10,740 | $535 | $2,148 |

Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all dollar amounts to the nearest dollar.

Petitioners have conceded that petitioner husband received taxable income from an IRA distribution in 2008. The issues remaining for consideration are: (1) whether petitioners may deduct mortgage interest expenses; (2) whether petitioners may deduct car and truck expenses; (3) whether petitioners may deduct auto rental expenses; (4) whether petitioners are liable for the addition to tax under section 6651(a)(1); and (5) whether petitioners are liable for the accuracy-related penalty under section 6662(a).

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. Petitioners are married and resided in Minnesota when they filed the petition.

During the year at issue petitioner husband was the sole proprietor of a window installation business named Traveling Window Repair & Installation.

**[*3]** Petitioner wife worked as a cosmetologist, but she also ran errands for Traveling Window Repair & Installation.

I.  Mortgage Interest Expenses

In 2008 petitioners owned three properties:  their residence in Minnesota (Minnesota residence), two vacant lots in Wisconsin (collectively, Wisconsin lots), and a condominium in Florida (Florida condominium).

Petitioners purchased their Minnesota residence in 1999.  On July 9, 2004, petitioners purchased the Wisconsin lots for approximately $190,000.  The Wisconsin lots are vacant and wooded; there are no buildings on the land.  The Wisconsin lots are approximately 85 miles from petitioners' Minnesota residence.

On November 4, 2005, petitioners refinanced with Countrywide Home Loans their mortgage on their Minnesota residence for $575,000 (2005 mortgage).  They used the 2005 mortgage to pay off a prior mortgage of $168,587 with Wells Fargo and a home equity line of credit of $191,608 with Lake Elmo Bank.

On April 25, 2006, petitioners purchased the Florida condominium for approximately $191,000.  Petitioners went to Florida at least twice in 2008.

In 2008 the only mortgage petitioners had was the 2005 mortgage with Countrywide Home Loans, now Bank of America.  Petitioners received from

**[*4]** Countrywide Home Loans a Form 1098, Mortgage Interest Statement, showing mortgage interest paid in 2008 of $25,647.

Petitioners deducted portions of the interest expense from their 2005 mortgage in four places on their 2008 income tax return. On a Schedule C, Profit or Loss From Business, relating to Traveling Window Repair & Installation (Schedule C-1), petitioners deducted $10,258 of mortgage interest with respect to the Wisconsin lots. On a Schedule C relating to "Florida Development" (Schedule C-2) petitioners deducted $11,541 of mortgage interest with respect to the Florida condominium. On a Schedule E, Supplemental Income and Loss, petitioners deducted $4,702 of mortgage interest for the rental of their Minnesota residence. On Form 8829, Expenses for Business Use of Your Home, petitioners deducted $15,388 of mortgage interest for the business use of their Minnesota residence. Petitioners did not include a Schedule A, Itemized Deductions, with their 2008 return. The amounts deducted exceed their mortgage interest for 2008. Petitioners conceded that the amounts reported on their Schedules C-1 and C-2 should be lower. Respondent did not disallow the mortgage interest deductions on petitioners' Schedule E and Form 8829.

[*5] II.  Traveling Window Repair & Installation

On Schedule C-1 for Traveling Window Repair & Installation petitioners deducted car and truck expenses of $21,118 and rent or lease of vehicles, machinery, or equipment expenses of $7,084.  On a Schedule C relating to "Auto Rental" (Schedule C-3) petitioners deducted car and truck expenses of $2,183.

A.  Petitioner Husband

Petitioner husband installs and repairs windows for his business, Traveling Window Repair & Installation.  He also stains, seals, and varnishes windows before he installs or reinstalls them.  Any parts he needs he has delivered to a warehouse in Lake Elmo, Minnesota (Lake Elmo warehouse).

Petitioner husband's typical workday in 2008 involved driving from one job to the next using a G.P.S., picking up supplies at the Lake Elmo warehouse when necessary, and returning to finish jobs.  Petitioner husband drove constantly for his job.  In 2008 he used two trucks in his work, a Chevy 1500 Silverado and a Chevy S-10 pickup truck.  Petitioner husband primarily used the Chevy Silverado. Petitioner husband often used the Chevy S-10 to get construction materials for his job and to run errands.

When petitioner husband returned from work at night, he either wrote down the jobs he had gone to that day or told petitioner wife where he had gone and she

[*6] would write it down. At the end of every week or couple of weeks, petitioner wife collected all of the job notes and sent them to petitioners' tax preparer. Mileage was not recorded separately for petitioner husband's vehicles.

B. Petitioner Wife

Petitioner wife used her personal car to run errands for Traveling Window Repair & Installation. Petitioner wife ran errands almost every day. On a typical day she drove, for example, to the post office, Sam's Club, and Office Max.

Petitioner wife also kept a mileage log for all of the errands she ran. She used pieces of paper to record where she had gone and then gave those papers to petitioners' tax preparer. Petitioner wife also gave all of her receipts from the errands to the tax preparer.

Petitioner wife was never compensated for running errands; she never received any wages or payment for her time. Petitioner wife also never received payment for the use of her personal vehicle.

III. Notice of Deficiency

Petitioners mailed their Form 1040, U.S. Individual Income Tax Return, for tax year 2008 on October 23, 2009. Respondent received petitioners' 2008 tax return on October 26, 2009. Petitioners' income tax return was due on April 15, 2009, but petitioners had been granted an extension of time to file until October

[*7] 15, 2009.  With their Form 1040 petitioners provided the Schedule C-1 for petitioner husband's Traveling Window Repair & Installation business, the Schedule C-2 for petitioner husband's "Florida Development", and the Schedule C-3 for petitioner wife's "Auto Rental".

On April 1, 2011, respondent issued petitioners a notice of deficiency for tax year 2008, disallowing the following deductions:

| Expense | Amount |
| --- | --- |
| Mortgage interest, Schedule C-1 Traveling Window Repair & Installation | $10,259 |
| Mortgage interest, Schedule C-2 "Florida Development" | 11,541 |
| Car and truck, Schedule C-1 Traveling Window Repair & Installation | 21,118 |
| Car and truck, Schedule C-3 "Auto Rental" | 2,183 |
| Rent/lease of vehicles/machinery/equipment Schedule C-1, Traveling Window Repair & Installation | 7,084 |

**[*8]**                                    OPINION

I. Business Expense Deductions

    A. Burden of Proof

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and a taxpayer bears the burden of proving those determinations are erroneous. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). In order to shift the burden, the taxpayer must comply with all substantiation and recordkeeping requirements and cooperate with all reasonable requests by the Commissioner for witnesses, information, documents, meetings, and interviews, pursuant to section 7491(a)(2). See Blodgett v. Commissioner, 394 F.3d 1030, 1035 (8th Cir. 2005), aff'g T.C. Memo. 2003-212; Higbee v. Commissioner, 116 T.C. 438, 441 (2001). Petitioners have not claimed or shown that they meet the specifications of section 7491(a) to shift the burden of proof to respondent as to any relevant factual issue.

    B. Substantiation Generally

Section 162(a) allows a taxpayer to deduct all ordinary and necessary expenses paid or incurred in carrying on a trade or business. An ordinary expense is one that commonly or frequently occurs in the taxpayer's business, Deputy v. du Pont, 308 U.S. 488, 495 (1940), and a necessary expense is one that is appropriate

**[\*9]** and helpful in carrying on the taxpayer's business, <u>Welch v. Helvering</u>, 290 U.S. at 113. The expense must directly connect with or pertain to the taxpayer's business. Sec. 1.162-1(a), Income Tax Regs. A taxpayer may not deduct a personal, living, or family expense unless the Code expressly provides otherwise. Sec. 262(a).

Deductions are a matter of legislative grace, and a taxpayer must prove his or her entitlement to a deduction. <u>INDOPCO, Inc. v. Commissioner</u>, 503 U.S. 79, 84 (1992); <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435, 440 (1934). To that end, taxpayers are required to substantiate each claimed deduction by maintaining records sufficient to establish the amount of the deduction and to enable the Commissioner to determine the correct tax liability. Sec. 6001; <u>Higbee v. Commissioner</u>, 116 T.C. at 440.

Normally, the Court may estimate the amount of a deductible expense if a taxpayer establishes that an expense is deductible but is unable to substantiate the precise amount. <u>See</u> <u>Cohan v. Commissioner</u>, 39 F.2d 540, 543-544 (2d Cir. 1930); <u>Vanicek v. Commissioner</u>, 85 T.C. 731, 742-743 (1985). This is often referred to as the <u>Cohan</u> rule. <u>See, e.g.,</u> <u>Estate of Reinke v. Commissioner</u>, 46 F.3d 760, 764 (8th Cir. 1995), <u>aff'g</u> T.C. Memo. 1993-197.

**[\*10]** C. Mortgage Interest Expenses

Generally, a taxpayer may deduct interest paid or accrued within the tax year on indebtedness. Sec. 163(a). This deduction is not allowed for "personal interest", which excludes both qualified residence interest, as defined by section 163(h)(3), and interest paid or accrued on indebtedness properly allocable to a trade or business, among other things. Sec. 163(h)(2).

### 1. Wisconsin Lots

Petitioners testified that Traveling Window Repair & Installation stored lumber on the Wisconsin lots. Petitioners did not provide any further documentation, such as receipts, paid bills, canceled checks, or invoices, in support of this testimony.

Petitioners have not provided evidence sufficient to indicate that the reported mortgage interest expense on their Schedule C-1 was an ordinary and necessary expense directly related to Traveling Window Repair & Installation. Moreover, even if petitioners had proved that the Wisconsin lots were directly connected with petitioner husband's business, petitioners failed to offer any documentation that links the 2005 mortgage with the Wisconsin lots. Petitioners provided a buyer closing statement for the Wisconsin lots and proof that they paid down the 2005 mortgage, but they failed to prove how the two were connected.

[*11] Accordingly, we sustain respondent's determination with regard to petitioners' mortgage interest expense on their Schedule C-1 for Traveling Window Repair & Installation.

### 2. Florida Condominium

Petitioners testified that they have been fixing up the Florida condominium to sell and that petitioner husband has been renovating it himself. Petitioners testified that they did not stay at the Florida condominium when they were in Florida in 2008. They contend that they do not plan on living in the Florida condominium when the construction is complete.

Petitioner husband's mileage log for tax year 2008, discussed infra, mentions that petitioner husband drove from Minnesota to a "Florida condo" in Naples, Florida, to "develop to rent". Petitioners did not provide any further documentation, such as receipts, paid bills, canceled checks, or invoices, in support of their testimony and petitioner husband's mileage log. Therefore, petitioners have not provided evidence sufficient to indicate that the reported mortgage interest expense on the Schedule C-2 for "Florida Development" was an ordinary and necessary expense directly related to a trade or business.

Petitioners failed to argue that the Florida condominium was held for the production of income pursuant to section 212. Ordinary and necessary business

[*12] expenses are deductible for the management, conservation, or maintenance of property held for the production of income. Sec. 212. Petitioners failed to show that the property produced income.

Moreover, petitioners failed to prove that their work on the Florida condominium rose to the level of a trade or business. Section 1.183-2(b), Income Tax Regs., provides a nonexhaustive list of the following nine factors used to determine whether an activity is engaged in for profit: (1) whether the taxpayer carries on the activity in a businesslike manner; (2) the expertise of the taxpayer and his or her advisors; (3) the time and effort expanded by the taxpayer in carrying out the activity; (4) whether the taxpayer expects that the assets used in the activity might appreciate in value; (5) whether the taxpayer has had other success carrying on similar activities; (6) the taxpayer's history of income or losses with respect to the activity; (7) the amount of occasional profits, if any, which are earned; (8) the taxpayer's financial status; and (9) elements of personal pleasure or recreation. If an activity is not engaged in for profit, then the taxpayer may not deduct expenses regarding that activity under section 162 or 212. Sec. 183(a), (c); see also Keanini v. Commissioner, 94 T.C. 41, 45 (1990).

Petitioners' testimony and petitioner husband's mileage log failed to prove that any of the nine factors weighed in their favor. Petitioners failed to show that

**[\*13]** their work on the Florida condominium rose to the level of a trade or business. Furthermore, even if petitioners had proved that the Florida condominium was directly connected with a trade or business, they failed to offer any documentation that links the 2005 mortgage and the Florida condominium. Petitioners provided a settlement statement from the U.S. Department of Housing and Urban Development for the Florida condominium and proof that they paid down the 2005 mortgage, but they failed to prove how the two were connected. Accordingly, we sustain respondent's determination with regard to petitioners' mortgage interest expense reported on their Schedule C-2 for "Florida Development".

### D. Car and Truck Expenses

Certain expenses specified in section 274 are subject to strict substantiation rules. No deductions under section 162 shall be allowed for "listed property", as defined in section 280F(d)(4), "unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement". Sec. 274(d)(4). Listed property includes passenger automobiles and other property used for transportation. Sec. 280F(d)(4)(A). To meet the heightened substantiation requirements, a taxpayer must substantiate the amount, use, and business purpose of the expense. Sec. 274(d). To substantiate by adequate

**[\*14]** records, the taxpayer must provide both an account book, log, or similar record, as well as documentary evidence, which are together sufficient to establish each element of an expenditure. Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). Documentary evidence includes receipts, paid bills, or similar evidence. Sec. 1.274-5(c)(2)(iii), Income Tax Regs. To substantiate by sufficient evidence corroborating the taxpayer's own statement, the taxpayer must establish each element by the taxpayer's statement and by direct evidence, such as documentary evidence. Sec. 1.274-5T(c)(3)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985).

Notably, section 274(d) overrides the Cohan rule. Boyd v. Commissioner, 122 T.C. 305, 320 (2004); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985) (flush language) (noting that section 274 supersedes the Cohan rule). Therefore, this Court is precluded from estimating any expenses that are covered by section 274(d).

Petitioners reported car and truck expense deductions on the Schedule C-1 for Traveling Window Repair & Installation and the Schedule C-3 for "Auto Rental" of their 2008 income tax return. Car and truck expenses fall under the heightened substantiation requirements of section 274(d). Petitioners must

**[\*15]** substantiate their car and truck expenses either by adequate records or by sufficient evidence corroborating petitioners' own statement.

### 1.  Petitioner Husband's Traveling Window Repair & Installation

Petitioner husband drove extensively for Traveling Window Repair & Installation, sometimes returning to a jobsite multiple times in a week and often picking up supplies at the Lake Elmo warehouse.  He did not know what his total mileage was for 2008.  Petitioners produced a mileage log that detailed petitioner husband's car travel for tax year 2008 that was prepared by their tax preparer.  Petitioners did not submit into the record any of petitioner husband's job notes or any copies of the notes.  Petitioners also failed to produce any client invoices or any maintenance documents for petitioner husband's two pickup trucks.  We cannot accept petitioners' testimony without documentary corroboration.  They did not provide documentation in support of the mileage log.  Petitioners have failed to present records to show that they are entitled to deductions for expenses related to Traveling Window Repair & Installation.  See, e.g., Bennett v. Commissioner, T.C. Memo. 2010-114; Clark v. Commissioner, T.C. Memo. 2002-32.  Accordingly, we sustain respondent's determination regarding petitioners' car and truck expenses reported on their Schedule C-1 for Traveling Window Repair & Installation.

[*16]        2. Petitioner Wife's "Auto Rental"

Petitioner wife frequently ran errands in her personal car for Traveling Window Repair & Installation. Traveling Window Repair & Installation never reimbursed her for the use of her car and never paid her for her errands. Thus, there is no indication that petitioner wife engaged in an auto rental business. Petitioner wife testified that Traveling Window Repair & Installation did not pay her for the use of her vehicle. Petitioner wife did not produce any third-party records to verify her car mileage for 2008.

Petitioners produced a mileage log that detailed petitioner wife's car travel for 2008. Their tax return preparer prepared the mileage log, which lists the dates of travel, starting and finishing location, distance, and purpose. Petitioner wife presented only two receipts, one from Target and one from a drug store, for the period covered by the mileage log. The Target receipt shows a mix of personal and business expenses. Petitioner wife's mileage log does not indicate that personal items were purchased during that trip. Petitioners have failed to prove what portion of petitioner wife's mileage log relates to ordinary and necessary business expenses and what portion relates to personal expenses. Petitioners did not produce any further documentation in support of petitioner wife's mileage log or petitioner wife's testimony.

**[\*17]**   The <u>Cohan</u> rule does not apply to car and truck expenses pursuant to section 274(d).  Accordingly, petitioners have not provided this Court with evidence sufficient to indicate that the reported car and truck expense on the Schedule C-3 was an ordinary and necessary expense directly related to an auto rental business or to Traveling Window Repair & Installation.  <u>See, e.g.</u>, <u>Bennett v. Commissioner</u>, T.C. Memo. 2010-114; <u>Clark v. Commissioner</u>, T.C. Memo. 2002-32.  Therefore, we sustain respondent's determination regarding petitioners' car and truck expenses on their Schedule C-3 for "Auto Rental".

E.  <u>Rent or Lease of Vehicles, Machinery, or Equipment Expense</u>

Petitioner husband testified that the vehicle rent expense relates to petitioners' son's running errands for Traveling Window Repair & Installation.  Petitioner husband testified that Traveling Window Repair & Installation did not pay his son by check for his time.

Petitioners did not provide a mileage log or any other documentation in support of the reported vehicle rent expense.  Accordingly, petitioners have not provided evidence to show that the vehicle rent expense reported on the Schedule C-1 was an ordinary and necessary expense directly related to Traveling Window Repair & Installation.  Consequently, we sustain respondent's determination with

**[*18]** regard to petitioners' rent expenses on their Schedule C-1 for Traveling Window Repair & Installation.

II. Addition to Tax Under Section 6651(a)(1)

Under section 7491(c), the Commissioner bears the burden of producing evidence with respect to the liability of the taxpayer for any addition to tax. See Rule 142(a); Higbee v. Commissioner, 116 T.C. at 446-447. Once the Commissioner meets this burden, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect. Higbee v. Commissioner, 116 T.C. at 446-447.

Respondent determined that petitioners are liable for an addition to tax pursuant to section 6651(a)(1) because petitioners did not timely file their 2008 tax return. Section 6651(a)(1) provides for an addition to tax for failure to timely file a Federal income tax return unless it is shown that such failure was due to reasonable cause and not willful neglect. See also United States v. Boyle, 469 U.S. 241, 245 (1985). A failure to file a timely Federal income tax return is due to reasonable cause if the taxpayer exercised ordinary business care and prudence but nevertheless was unable to file the return within the prescribed time. See sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

**[*19]** Petitioners' 2008 tax return was due on October 15, 2009, but they did not mail it until October 23, 2009. Respondent did not receive the return until October 26, 2009. Respondent has shown that petitioners failed to timely file their Federal income tax return for 2008. Consequently, we conclude that respondent has satisfied his burden of production under section 7491(c), and petitioners must come forward with evidence to prove they are not liable for the addition to tax. Petitioners did not introduce any evidence that they are not liable for the addition to tax or that their failure to file was due to reasonable cause and not willful neglect. Accordingly, we sustain respondent's determination and hold petitioners liable for the addition to tax pursuant to section 6651(a)(1).

III. Accuracy-Related Penalty Under Section 6662(a)

Under section 7491(c), the Commissioner bears the burden of producing evidence with respect to the liability of the taxpayer for any penalty. Higbee v. Commissioner, 116 T.C. at 446-447. Once the Commissioner meets this burden, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect. See Rule 142(a); Higbee v. Commissioner, 116 T.C. at 446-447.

Respondent determined that petitioners are liable for an accuracy-related penalty pursuant to section 6662(a) for 2008. Section 6662(a) and (b)(1) and (2)

**[*20]** imposes a penalty of 20% of any underpayment attributable to (1) a substantial understatement of income tax or (2) negligence or disregard of rules and regulations. Negligence includes any failure to make a reasonable attempt to comply with the provisions of the internal revenue laws, to exercise due care, or to do what a reasonable and prudent person would do under the circumstances. Sec. 6662(c); Neely v. Commissioner, 85 T.C. 934, 947 (1985); sec. 1.6662-3(b)(1), Income Tax Regs. Negligence also includes any failure by a taxpayer to keep adequate books and records or to substantiate items properly. Sec. 1.6662-3(b)(1), Income Tax Regs.

Respondent contends that petitioners are liable for a section 6662(a) accuracy-related penalty attributable to a substantial understatement of income tax or, alternatively, negligence. Petitioners failed to produce any documentary evidence showing that the Wisconsin lots are directly connected with Traveling Window Repair & Installation, and they failed to show a link between the 2005 mortgage and the Wisconsin lots. Petitioners likewise failed to produce any documentary evidence showing that the Florida condominium was connected with a trade or business or that "Florida Development" was a trade or business, and they failed to show a link between the 2005 mortgage and the Florida condominium. Petitioners failed to properly substantiate the mortgage interest

[*21] expenses reported on the Schedule C-1 for Traveling Window Repair & Installation and the Schedule C-2 for "Florida Development".

Petitioners also failed to produce any documentary evidence showing that the reported vehicle rent expense was an ordinary and necessary expense connected with Traveling Window Repair & Installation. Petitioners failed to properly substantiate the vehicle rent expense reported on the Schedule C-1 for Traveling Window Repair & Installation.

Petitioner husband did not produce any receipts in support of his mileage log. Petitioner wife provided only two receipts that supported her mileage log. Adequate records were not kept to substantiate petitioners' car and truck expenses. Petitioners failed to properly substantiate the car and truck expenses reported on the Schedule C-1 for Traveling Window Repair & Installation or the Schedule C-3 for "Auto Rental".

Respondent carried the burden of production with respect to the section 6662(a) penalty for negligence regarding portions of the underpayment relating to the mortgage interest expenses on Schedules C-1 and C-2; the vehicle rent expense on the Schedule C-1; and the car and truck expenses on Schedules C-1 and C-3. We need not address the applicability of the penalty on the ground of

**[\*22]** substantial understatement of income tax for tax year 2008. <u>See</u> sec. 1.6662-2(c), Income Tax Regs.

Whether any portion of an underpayment is attributable to negligence or a substantial understatement of income tax, no accuracy-related penalty is imposed on any portion with respect to a taxpayer who had reasonable cause and acted in good faith. <u>See</u> sec. 6664(c)(1). Whether the taxpayer acted with reasonable cause and in good faith is determined on a case-by-case basis, taking into account all relevant facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. Generally, the most important factor is the extent of the taxpayer's effort to properly determine his or her tax liability. <u>Id.</u>

Petitioners provided no documentation to support the mortgage interest deductions. Although petitioners testified credibly that they provided all of their car and truck expense documentation, including receipts, to their tax return preparer so that the preparer could make the mileage logs and prepare petitioners' tax return, petitioners failed to provide documentary evidence regarding the car and truck expenses reported on the Schedule C-1 for Traveling Window Repair & Installation or the Schedule C-3 for "Auto Rental". We find that petitioners failed to comply with recordkeeping requirements and failed to make a good-faith effort to act in accordance with applicable tax law.

**[*23]**   Accordingly, petitioners are liable for section 6662(a) accuracy-related penalty on portions of the underpayment pertaining to (1) the mortgage interest expense of $10,259 on the Schedule C-1 for Traveling Window Repair & Installation; (2) the mortgage interest expense of $11,541 on the Schedule C-2 for "Florida Development"; (3) the car and truck expenses of $21,118 on the Schedule C-1 for Traveling Window Repair & Installation; (4) the car and truck expenses of $2,183 on the Schedule C-3 for "Auto Rental"; and (5) the vehicle rent expenses of $7,084 on the Schedule C-1 for Traveling Window Repair & Installation.

To reflect the foregoing,

Decision will be entered
under Rule 155.